## SUPREME COURT.

ZALMON R. OLMSTED agt. LEVI VREDENBURGH, and another, executors, &c., of PETER VREDENBURGH, deceased.

Where judgment is obtained against the personal property of a deceased debtor, and the execution is issued against his executors, *describing them in their representative capacity;* such description alone is insufficient to prevent the sheriff from levying upon the *individual* property of the executors.

Where, in such case, it is intended to collect the amount out of the assets in the hands of the executors, the execution, under § 289 of the Code, should require the officer to satisfy the judgment out of the property which, according to the judgment, is liable for its payment.

Where the executors' accounts have been "rendered and settled" before the surrogate, it is unnecessary to procure an order from the surrogate to issue execution; but it is provided that "the execution shall issue only for the sum that shall have appeared, on the settlement of such account, to have been a just proportion of the assets applicable to the judgment." Therefore, where the amount of assets is less than the amount of the judgment, it is irregular to issue execution for the whole amount of the debt.

*Albany Special Term, September,* 1854.—Motion to set aside execution.

The action was brought to recover an alleged demand against the estate of Peter Vredenburgh, deceased. Issue having been joined in the action, the same was tried before a referee, who reported that there was due to the plaintiff the sum of $172 28 cents. Upon motion for that purpose, costs were allowed to the plaintiff, and judgment was perfected for the amount of the report and the costs. On the 20th of June, 1854, the plaintiff issued execution upon the judgment to the sheriff of Ulster. It is stated, in the affidavit upon which the motion is founded, that the execution had been issued against the individual property of the defendants, and that the sheriff had, in fact, levied upon the individual personal property of the defendant, Levi Vredenburgh, to satisfy the execution. It is further stated, that no order had been obtained from the surrogate of Ulster, authorizing the plaintiff to issue the execution, and that no final account had been rendered, and that the accounts of the defendants, as executors, still remained unsettled. It is also stated, that the estate which had come to the hands of the defendants, as executors, was insufficient to pay this judgment. Upon these facts, the defendants moved to set aside the execution.

In opposition to the motion, it was shown that the defendants, on the 27th of August, 1851, presented their petition to the surrogate of Ulster, praying for the final settlement of their accounts as executors ; and that, on the 24th of December, in the same year, the surrogate made an order for such settlement, and proceeded to state the accounts " as finally allowed and settled by him,"—that he found a balance of $91.56 remaining in the hands of the defendant, Levi Vredenburgh, and a balance of $41.54 in the hands of the defendant, Benjamin P. Vredenburgh,—which balances the surrogate directed the defendants respectively to retain until the termination of the suit which had been brought against them by the plaintiff.

It was also shown that the execution issued upon the judgment recovered against the defendants, had not been issued

against them in their individual capacity, but had been issued against them as executors.

E. COOKE, *for plaintiff*.
J. HARDENBURH, *for defendants*.

HARRIS, Justice. The defendants' attorney states, in his affidavit, that the execution in question had been issued against the individual property of the defendants, and that the sheriff had levied upon the personal property of one of the defendants. The plaintiff's attorneys, on the other hand, state that the execution was issued against the defendants, as executors of the last will and testament of Peter Vredenburgh, deceased, and not against them in their individual capacity. What is, in fact, the form of the execution, does not appear. But I think enough appears to show that the execution is not in conformity with the requirements of the 289th section of the Code. The judgment is against the personal property of Peter Vredenburgh, deceased, in the hands of the defendants, as his executors. It is not enough, in such a case, that the execution describes the defendants in their representative capacity. This would not prevent the sheriff from levying, as he has done in this case, upon the individual property of the defendants. The second sub-division of the section referred to is imperative, that the execution shall require the officer to satisfy the judgment out of the property which, according to the judgment, is liable for its payment.

The execution is also irregular in directing the collection of the whole amount of the judgment. The defendants' account as executors had been "rendered and settled." It was therefore unnecessary to procure an order of the surrogate, granting leave to issue execution. But it is expressly provided that, in such a case, "the execution shall issue only for the sum that shall have appeared, on the settlement of such account, to have been a just proportion of the assets applicable to the judgment." (*See* 2 *R. S.* 88, § 32.) This provision of the Revised Statutes is still operative. (*See Code*, § 471.)

The exigency of the writ, therefore, should have been to require the sheriff to collect, from the assets of the deceased in the hands of the defendant, Levi Vredenburgh, the sum of $91.56, and from the assets in the hands of the defendant, Benjamin P. Vredenburgh, the sum of $41.54. Beyond this, the plaintiff was not authorized to go. The execution being thus irregular, the motion must be granted; but with liberty to the plaintiff to amend, on payment of the costs of the motion.