## SUPERIOR COURT.

### CUNNINGHAM, Assignee, agt. M'GREGOR.

A general assignee, for the benefit of creditors, is a trustee of an *express trust*. If he fails, in an action brought by him as such assignee, to recover a debt claimed to be owing from the defendant to his assignor, he cannot be charged personally for the costs, unless the court so specially orders, on the ground of his mismanagement or bad faith in such action. The costs are chargeable upon, and collectable out of the assigned estate.

The same rule of liability for costs applies to him that is applicable to executors or administrators.

It is not bad faith to prosecute a suit against the only responsible debtor of the assignor, without having funds to pay the costs of it, if unsuccessful, if the plaintiff believes, and has good reason to believe, that he is justly entitled to recover.

*Special Term, Jan.,* 1856.

. THE plaintiff is an assignee, under an assignment executed to him by *J. H. & J. D. Lyon,* of their property, in trust to pay their creditors. As such assignee, he brought this action to recover a balance alleged to be owing from the defendant to the assignors at the time of the assignment. The defendant obtained a report of a referee in his favor, and now moves for an order directing the costs to be paid by the plaintiff personally. The assignors assured the plaintiff that the balance sought to be recovered was due from the defendant. Defendant's affidavits state, (and this is not denied,) that the plaintiff had no funds with which he could pay the costs, if unsuccessful, when he brought the suit; and that at that time the plaintiff knew the assigned estate was insufficient to pay the costs of this ac·

Cunningham agt. M'Gregor.

tion, and that he commenced the action without first asking the defendant to pay, or communicating with him on the subject.

HOFFMAN & PIRSSON, *for plaintiff*.
ROBERT H. SHANNON, *for defendant*.

BOSWORTH, Justice.  The plaintiff is a trustee of an express trust.  The Code puts such a trustee on the same footing as an executor or administrator, in respect to the costs of an action brought by or against him.  Such a trustee necessarily prosecutes by virtue of his rights as trustee. (*Code*, §§ 111 *and* 113.) In such an action, if unsuccessful, the costs of the defendant can only be charged upon, or collected out of the estate he represents. (*Code*, § 317.)

The same rules must be applied to his case as are applied in actions necessarily brought by executors or administrators in their representative capacity.  The Code allows of no discrimination between them.  He cannot be charged personally, except for " mismanagement or bad faith in such action or defence." (*Code*, § 317.)

Being assured by the assignors that the balance claimed was justly due, and believing this assurance to be true, and therefore suing, he prosecuted in good faith.  The fact that the defendant was, or might have been the only responsible person among the alleged debtors of the assignors, and that the estate might not be sufficient to pay the costs of this action, if successfully defended, is not sufficient to charge the defendant with bad faith in bringing the action.  It was, in such a case, as much the duty of the plaintiff to attempt to collect this balance, if he believed the claim to be a just one, as it would have been if there had been other debtors who conceded their liability, and who were abundantly able to pay.

The fact, that no application was made to the defendant before suit brought, does not show bad faith :—it may have been discourteous.  All the affidavits taken together show that the plaintiff believed, when he brought the suit, and throughout its progress, that he was entitled to recover.

There cannot be said to be bad faith in bringing, or prose-cuting to a conclusion, any action in which the plaintiff honestly believes, and is advised by counsel, that he is entitled to re-cover. He cannot, therefore, be charged personally with the costs of this action. (*See 2d R. S.* 615, §§ 16, 17; *Graham's Prac.* 737–739.)

The motion is denied, but without costs.