## CONGER a. THE HUDSON RIVER R. R. COMPANY.

*New York Superior Court; General Term, October,* 1858.

COSTS.—ASSIGNEE PENDING THE ACTION.—TRUSTEE OF AN EXPRESS TRUST.

Where a cause of action becomes, by assignment or otherwise pending an action, the property of a person not a party to the action, the test of such person's liability for costs under section 321 of the Code is, Would he have been liable if he had brought the action?

Pending the action, a person became assignee of the interest of one of the plaintiffs in the cause of action, by an assignment, the object of which was to indemnify him, the assignee, from all loss by reason of having indorsed and guaranteed the notes and other obligations of such plaintiff.

*Held,* that he was the trustee of an express trust, within the meaning of section 317; and there having been no mismanagement or bad faith on his part, he was not liable for the costs.

Appeal from an order directing an attachment to issue against O. S. Williams and H. G. Everett, to collect the costs of the defendants, adjudged to be paid to them upon a dismissal of the complaint.

The action was commenced by three plaintiffs, Conger, Barker, and Radcliff, on the 26th of April, 1854, on a demand belonging to the plaintiffs, in the proportions of one fourth to Conger, one half to Barker, and one fourth to Radcliff.

The appellants, Williams and Everett, being liable to other persons as sureties for Barker, they took from him in June, 1855, the following assignment, as security against incurring any loss by reason of having become such sureties for him:

"For value received, I hereby sell, assign, and transfer to Hiram G. Everett and O. S. Williams all judgments, notes, accounts, deeds, demands, claims, actions, and causes of action of every kind and description whatsoever, which I have, hold, or claim an interest in, wheresoever and against whomsoever the same may be, and with full power and authority to enforce and collect the same as fully as I can do.

"The object and intent of this transfer is to secure, indemnify, and save harmless the said assignees from all loss, costs, damage, and expense by reason of their having signed, indorsed, guaranteed, or in any manner become liable to pay any notes, bonds, obligations, or other paper on my account or for my benefit; and,

"*First.* They are to apply the proceeds of this transfer, so fast as the same can be realized, in payment of such notes, bonds, obligations, and other paper; and,

"*Second.* They are to apply any surplus that remains therefrom to the payment of any judgments which may be docketed against me, and in the order in which the same are docketed.

"Witness my hand and seal, this 25th day of June, 1855.

"In presence of            L. BARKER. [L. S.]

     JOSEPH AVERY."

This assignment was made 25th June, 1855, while this action was pending; but the assignees did not hear of the action till February, 1856, when they immediately notified the defendants' attorney of their right, and claimed to have Barker's share of any resulting proceeds of the action. The notice was. as follows:

TITLE OF THE CAUSE.

Take notice, that we the undersigned, by notice of an assignment from Lester Barker, are the owners of the interest which he has held in the matters in question in the above entitled action, being one half of the claim, and the amount recovered and to be recovered thereon; and that in the event of any settlement of, or final recovery in said action by the plaintiffs, one half of the amount found due to the plaintiffs is to be paid to us, or our attorney, and not to the plaintiffs.

                O. S. WILLIAMS.

                H. G. EVERETT.

CLINTON, Oneida county, Y. Y., February 20, 1856.

To THOMAS M. NORTH, Esq., *defendants' attorney.*

They did not, however, interfere with the conduct of the action, but Conger, Barker, and Radcliff, at all times, both before and

after the assignment, carried on this action, employing attorneys and counsel at their own expense, and without consulting Williams and Everett, and the latter persons never meddled with the litigation in any way. The plaintiffs once obtained a verdict for $700, but a new trial was ordered, and the suit resulted in a judgment against them for costs to the amount of $449.40.

The defendants' attorney docketed that judgment, and issued executions to New York, where Conger resided, and to Dutchess county, where Radcliff resided; but not to Oneida county, where Barker resided. He then wrote Williams and Everett, by mail, requesting payment; and personally demanded payment of Williams, but not of Everett.

Williams and Everett never collected or realized any thing by virtue of the assignment, out of any of the matters assigned.

The judge at chambers ordered that an attachment issue against them to collect the amount of the judgment.

From this order they appealed to the general term.

*Charles Tracy*, for the appellants.

*Thomas M. North*, for the respondent.

By THE COURT.*—HOFFMAN, J.—Section 321 of the Code provides, that in actions in which the cause of action shall, by assignment after the commencement of the action, or in any other manner, become the property of a person not a party to the action, such person shall be liable for the costs, in the same manner as if he were a party, and payment thereof may be enforced by attachment.

The liability then of any one who acquires the property in the subject of the action, after its commencement, cannot be greater than if he were the original party who instituted the suit. Section 317 is then applicable. We are to determine whether, had these parties brought the action, they would have been liable for costs.

That section provides, among other things, that when an action is prosecuted or defended by a trustee of an express trust, costs are to be chargeable only upon the estate or fund represented; unless the court shall direct the same to be paid by the

---

plaintiff or defendant personally, for mismanagement or bad faith in such action or defence.

If these parties are trustees of an express trust, they cannot be liable, unless the court had decided that they had been guilty of mismanagement or bad faith, which has not been determined.

It was held in Cunningham a. McGregor (5 *Duer*, 648), that an assignee in trust to pay creditors, was a trustee of an express trust, and could not be charged personally, except upon the ground of mismanagement or bad faith, which was not there shown. The terms of the assignment do not appear in the report.

In the present case, the trust is primarily to pay all notes, bonds, or debts which Williams and Everett are bound to pay for the assignor, or have guaranteed. This creates a trust in favor of the holders of all such secured paper, which they could enforce. (4 *Johns. Ch. R.;* 136.)

There, perhaps, may be a case in which the provisions of an assignment, though enuring for the benefit of others, render the subject of the action so fully the property of the assignee, as to bring the case within section 321. It is sufficient to say, that the present is not one of that character.

We think the order was erroneous, and must be reversed, but without costs. It is needless to discuss the other objections taken by the counsel of the appellants.