## ST. JOHN *a.* VOORHIES.

*Supreme Court, First District; General Term, March,* 1865.

SURROGATE'S LEAVE TO ISSUE EXECUTION.—WAIVER OF PROCESS.

Under the provisions of 2 Rev. Stat., 116,—which authorize the surrogate, upon application of a judgment creditor of an executor or administrator, to require an accounting and allow execution to be issued,—it is erroneous to proceed by an order to show cause without the issue of a citation.

But the defect of omitting such citation is waived by the executor or administrator appearing and proceeding without objection.*

If on the accounting there appear to be no assets in the hands of the executor or administrator, the surrogate cannot grant leave to issue execution. An order granting leave cannot be sustained on the ground that the executor or administrator had paid other claims of inferior right, or had neglected to reduce to possession certain assets to which he ought to have resorted. (INGRAHAM, P. J., dissented.)

It is erroneous for the surrogate to grant leave to issue execution, unless the administrator apply for a sale of the real estate, especially if it does not appear that the time to make such application has elapsed. (Per CLERKE, J.)

---

* See also Clapp *a.* Graves (26 *N. Y.*, 418), where it is held that a long summons, issued by a justice's court against a non-resident, is not a nullity, though the statute (ch. 300 of 1831, § 33) declares that, in such case, the justice shall have no jurisdiction. The defendant waives the irregularity and gives jurisdiction as to his person, if he appears and pleads to the complaint without objection to the process.

Appeal from an order of the surrogate granting the respondent leave to issue execution.

The respondent, Mary Ann Voorhies, had obtained a judgment against the appellant, Milton St. John, as administrator, upon a demand against the estate which he represented. The administrator had contested the claim, and appealed from the judgment against him to the Court of Appeals, where it was affirmed.

The plaintiff in the judgment, the present respondent, then applied to the surrogate for leave to issue execution under 2 Rev. Stat., 116. An order to show cause was granted against the administrator, on the return of which he appeared and rendered an account. No citation was issued to compel him to do so, but he took no objection on this account at the time.

It did not appear that the administrator actually had assets in his hands, but it did appear that he had paid claims over which the judgment now sought to be enforced had by law a preference, and that there were assets which he had neglected to reduce to possession.

The surrogate granted an order that unless the administrator should pay the judgment within thirty days, or apply for the sale of the real estate of the decedent for the payment of his debts, the execution asked for might issue.

From this order the administrator now appealed.

INGRAHAM, P. J.—A petition was presented to the surrogate for leave to issue an execution upon a judgment recovered against an administrator. This judgment had been finally affirmed in the Court of Appeals. Such petition was in accordance with the 20th section of the statute. (2 *Rev. Stat.*, 116; same stat., 5 ed., vol. 3, p. 204.)

On this application the surrogate made an order for the administrator to show cause why an execution should not issue on the judgment.

This was erroneous, as the 21st section requires him to issue a citation requiring the administrator to appear and account. If the objection had been taken before the surrogate, he no doubt would have corrected the order or issued the citation. But the administrator did account before the surrogate on the

return of the order. He could waive the defect in the order, or he could have appeared before the surrogate and consented to account, and submit to the surrogate the questions on the order. His accounting must be considered on his part as waiving the citation. The surrogate in his decree recites that the administrator was cited to account, and that he had produced and filed his account, and had assets properly applicable to the payment of this claim.

On the accounting, it is apparent that the administrator has paid out the assets of the estate to particular claims in full, without reserving the portions necessary to the payment of this claim, and that he has neglected to reduce to possession assets which he should have applied to the payment of the debts. There were, then, assets applicable to the payment of this claim, as the administrator was not entitled to be allowed payments made wrongfully by him.

On such a finding, it became the duty of the surrogate to make a decree or order, that an execution be issued for the amount so applicable (§ 21); and such order, when made by him, is conclusive evidence that there are sufficient assets in the hands of the administrator to pay the amount for which the execution is issued. (§ 22.)

The order of the surrogate was not absolute, but conditional. It was ordered, unless the administrator, within 30 days, pay the balance due upon the judgment or apply for the sale of the real estate, that execution should issue.

It also ordered the administrator to pay the amount of the judgment adjudged to be due to the petitioner.

This order was not in all respects authorized by the statute on this application. All that the statute provides for is an order that an execution be allowed to issue for the amount applicable to pay the execution.

The direction to pay the whole amount forthwith may be considered as an adjudication that there were assets sufficient to pay the amount due on the judgment, especially as the order provides, in case he does not pay as directed, that the execution issue. No other order is contemplated in regard to that branch of the order. The administrator surely should not complain that execution is delayed thirty days to enable him to pay the money or apply for a sale of the real estate. Either event

would have stayed the execution. The respondent might have complained of such privilege being granted, as it stayed the execution to which the surrogate had adjudged her to be entitled. So far as the administrator was affected by it, it was a favor and not a wrong.

The appellant objects that it does not appear that the time within which he should apply for a sale of the real estate had not expired. That was immaterial. The surrogate did not require him to obtain the order of sale, but to make the application. If he had done so, he would have fulfilled the condition on which the order became a nullity.

A very slight examination of the account shows the administrator has paid out large sums to other creditors, to the prejudice of the petitioner, and it may well be that the surrogate concluded that the administrator had assets for which he was responsible to an amount more than sufficient to pay the petitioner, besides other assets under his control which he had not converted into money.

We are referred to the case of Mitchell a. Mount* (17 *Abbotts' Pr.*, 265) as an authority against this order. In that case it appeared that the assets were only $17,000, and the debts $42,000, and the order of the surrogate directed the payment of the whole debt. This was clearly erroneous.

In the present case, it appears that the administrator has received a larger sum than he has paid out, and he does not show any outstanding debts against the estate. It also appears that a portion of the property belonging to the estate is still unsold. The distinction between the cases shows the above-cited case is not controlling.

This claim appears to have been contested by the administrator to the Court of Appeals. The decision of that court should be final, and should terminate litigation, and yet, while all other creditors are paid off, the administrator still seeks to litigate this claim.

I do not think, under these circumstances, that we are called upon, on mere technical grounds, to reverse the whole of this order. As I have before said, the statute required the surrogate to make an order that execution be issued for the amount ap-

---

* See reversal of that decision, *Ante*, 1.

plicable to its payment. He has decided that the administrator was liable to pay the whole, and I think correctly so, and the order can be so modified as to conform to the statute without the necessity of sending it back by a reversal.

In fact, the whole order is not appealed from.

So much of the order as directs the payment of the money forthwith should be reversed, and the condition annexed to the issuing of the execution also stricken out, and the order so modified as to direct that an execution issue upon the judgment for the collection of the balance due thereon.

No costs should be allowed to either party on this appeal.

SUTHERLAND, J.—I agree that the appellant, by appealing and accounting, must be considered as having waived any irregularity from the want of the citation to account, or from the fact that the surrogate made an order to show cause only instead of a citation; but I am inclined to think that the parts of the order appealed from should be reversed, for the reason that the order was made on the ground that the appellant ought to have had sufficient assets in his hands to pay the debt; not that he had.

CLERKE, J.—The proceedings prescribed by the statute, no doubt, must be strictly pursued. This statute requires when a creditor has obtained a judgment against an executor or administrator, and applies for an order against him, to show cause why an execution should not be issued thereon, that the surrogate shall issue a citation requiring the executor or administrator to appear and account before him; and if upon such accounting it shall appear that there are assets in the hands of such executor or administrator, properly applicable, in whole or in part, to the judgment so obtained, the surrogate shall make an order that execution be issued for the amount so applicable. (2 *Rev. Stat.*, 116, §§ 19, 20; same stat., 5 ed., vol. 3, p. 204, §§ 20, 21.)

In this case it appears that no citation was issued requiring the administrator to account. The executor, however, proceeded to account on the return of the order to show cause, thus waiving any objection on this ground.

But on this accounting it is expressly shown that there were then no assets in his hands.

The surrogate, therefore, had no authority to make the order.

The statute does not empower him to order an execution, because assets had been in his hands at a previous period: it employs the present, not the past tense.

The order, also, directs execution for the balance of the whole claim, although it does not positively appear that the total assets, if all realized, would be sufficient to pay all debts in full. As we remarked in Mitchell a. Mount (17 *Abbotts' Pr.*, 267), the most that he could do would be to order an execution for the sum that may have appeared on the settlement of the account to be a just proportion of the assets applicable to the judgment.

I also agree with the counsel of the appellant, that the order is erroneous in directing execution, unless the administrator apply for a sale of the real estate. The statute gives the surrogate power to order execution simply, and it does not appear that the three years within which application can be made (for authority to sell the real estate) have not elapsed. ( 2 *Rev. Stat.*, 100, § 1 ; same stat., 5 ed., 186, vol. 3, § 1.)

If, as is alleged, the administrator has paid other creditors in full, he has done so at his peril; but that does not dispense with the necessity of a strict observance of what the statute prescribes in these proceedings.

The order of the surrogate should be reversed, with costs of the appeal.

Order reversed.