NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE. —November, 1878.

## MELCHER *v.* FISK.

*In the matter of the estate of* JAMES FISK, JR., *deceased.*

While, under section 42, 3 *R. S.*, 96 (6 ed.), which provides that no execution shall issue on a judgment against an executor or administrator, until an account of his administration shall have been rendered and settled, "or unless on an order of the Surrogate who appointed him," the Surrogate has power to allow execution to issue without an accounting, such an order should never be granted, except upon some sort of an accounting, or upon satisfactory evidence that there are assets in the hands of the executor applicable to the judgment.

*It seems* that under section 42, where the accounts of the executor or administrator have been rendered and settled, execution may issue without an order of the Surrogate upon any judgment, whether entered after a trial upon the merits or by default.*

It is the proper practice to allege in the petition, on information or otherwise, the existence of assets applicable to the judgment. In default of such allegation, the failure of the executor to state, in his answer to the petition, the amount in his hands, is not such proof of assets applicable to the judgment as to authorize the Surrogate to grant the order for an execution.†

The proceedings under section 42, *supra*, and sections 20, 21, 3 *R. S.*, 125 (6 ed.), distinguished.

---

* An order of the Surrogate is now required in all cases. (*Code*, § 1825.)

† It was subsequently held by the same Surrogate, that if the petition alleges that there are sufficient assets in hand applicable to the p⁻yment of the judgment, and the executor shall appear and admit the statement ; or, if the petition should not so state, but the executor appears and admits such assets, it is a waiver of the accounting, and a full authority for the Surrogate to grant the order for an execution. (*In the matter of* McCUNN, December 5, 1879.)

THE petition of John L. Melcher and others, executors, &c., of Paran Stevens, deceased, stated that on the 25th of April, 1872, said Stevens died, leaving a last will and testament, which was thereafter duly admitted to probate, and the petitioners were appointed executors, and have qualified, and received letters, and that letters testamentary upon the estate of said Fisk were issued to Lucy D. Fisk, who qualified. That in July, 1873, said executors of Stevens presented to the executrix, Fisk, a claim against the estate of said Fisk, which was by her disputed, whereupon an order of the surrogate was made November, 1873, referring the matter in controversy to a referee, to hear and determine the same. In June, 1875, the referee reported in favor of the claimants for the sum of $12,481.34, which report was subsequently confirmed at the Special Term of the Supreme Court, and judgment entered therein for $13,152.91, from which the executor appealed to the General Term of the Supreme Court, which court, in December, 1875, reduced the judgment by the sum of $310, whereupon an appeal was taken to the Court of Appeals, which court, in January, 1877, further reduced the said judgment by the sum of $1,651.85, and that there remained due on said judgment $11,191.06 and interest, and said executors pray execution to issue on said judgment.

An order to show cause was issued, and the executrix by her counsel objected that the petition did not show facts sufficient to entitle the petitioners to the relief demanded, because it did not appear that an account had been rendered and settled.

MAN & PARSONS, *for petitioner*.

H. A. NELSON, *in opposition*.

THE SURROGATE.—By 3 *R. S.*, 96, § 42 (6 ed.), under the head " Of the duty of executors and administrators in the payment of debts and legacies," it is' provided that no execution shall issue on a judgment against an executor or administrator, until an account of his administration shall have been rendered and settled ; or unless on an order of the Surrogate who appointed him ; and if the account has been rendered, execution shall issue only for the sum that shall have appeared, on such accounting, to have been a just proportion of the assets applicable to the judgment. By section 20 (p. 125), under the head " Rights and liabilities of executors and administrators," it is provided that where a creditor obtains a judgment against the executor or administrator, after a trial at law on the merits, he may apply to the Surrogate for an order against the executor or administrator, to show cause why an execution on such judgment shall not be issued ; and, by section 21, the Surrogate is required to issue a citation requiring the executor or administrator to appear and account, and if upon such accounting it shall appear that there are assets in their hands applicable under said chapter to the payment, in whole or in part, of the judgment, the Surrogate shall make an order that execution be issued for such amount.

The only question submitted on the argument was whether, under section 42, the Surrogate might order, without an accounting, the issuing of an execution. On the part of the executrix, it was urged that no such execution should issue upon such judgment, without the accounting required by sections 20 and 21 above cited.

It was urged that the expression "*or unless on the*

*order of the Surrogate who appointed him,"* gave to the Surrogate no authority to order an execution without an accounting, and was equivalent to the substitution of *nor* for *or*. 1 am of the opinion that that would be an unwarrantable substitution, and change materially the sense of the sentence. In Olmsted *v.* Vredenburgh (10 *How. Pr.*, 215), it was held that where the executor's accounts had been rendered and settled, it was not necessary to procure an order from the Surrogate to issue execution, therefore in effect holding that the word *or* is used disjunctively in the section referred to.

Much confusion has occurred from the failure, in the numerous cases, to distinguish between the provisions of section 42 and of sections 20 and 21 above cited. Sections 20 and 21 provide for the single case of an application for an execution upon a judgment against executors or administrators *after a trial at law upon the merits*, and on such an application, a citation must issue, requiring the executor or administrator to appear and account, while section 42 provides for execution on all judgments against an executor or administrator, whether entered upon a trial on the merits, or by default or otherwise. It seems to me, also, that some confusion has arisen from the failure to recognize the difference in the language of the two sections respecting the accounting. In section 42 it is provided that no execution shall issue, &c., until an account shall have been rendered *and settled*, &c., while the account provided for in section 21 does not require the *settlement* of the account. Under section 42, if an account has been rendered and settled conformably to the provisions of section 63, page 99 (which is an accounting after eighteen months, and com-

pulsory), or the final accounting under section 73, page 101, or section 85, page 103, execution may issue, without order, for the sum that shall have appeared, on the settlement of such account, to have been the just proportion of the assets applicable to the judgment. The phrase " or unless on an order of the Surrogate who appointed him," evidently contemplates the issuing of an execution under an order before eighteen months, and without a settlement of the account, and may embrace the particular case referred to in sections 20 and 21, which provide for an order to show cause why an execution shall not issue upon a judgment against an executor or administrator at any time after the entry of judgment, after a trial at law upon the merits.

But I am of the opinion that the order for issuing execution, referred to in section 42, should never be granted except upon some sort of an accounting, or at least upon satisfactory evidence that there are assets in the hand of the executor or administrator applicable to the judgment, and the particular amount thereof ; otherwise that provision of the statute defining the order in which debts shall be paid would be nullified, and unlawful preference given to judgments. In Mount *v.* Mitchell (31 *N. Y.* 356), Mr. Justice POTTER says : " The meaning and intent of the word *account*, used in this 21st section, as explained by the statute itself, is such an account of the condition and amount of assets as will enable the Surrogate to determine whether there is any property applicable to the debt in question. It cannot be made to mean a settled or liquidated account, or an account then and there to be liquidated. The statutes relieve the executor from an accounting and liquidation

till after one year from the time of taking out letters ; that is, he cannot advertise for claims to come in until after six months, and the notice of publication must continue six months, whereas the account in the present case, in the contemplation of the statute we have been considering, and upon which this case proceeds, allows such an account to be demanded at any time after letters are issued."

If the executor's or administrator's account shall have been rendered and settled, though the judgment may be entered after a trial upon the merits, an execution might issue without any order under section 42, above cited. The petition in this case does not show that the executrix has ever rendered an account, which has been settled, hence no execution can issue without procuring an order of this court for that purpose. There is nothing appearing in the papers presented to me to show that there is any fund in the hands of the executrix applicable to the judgment in question, and it seems to me that the better practice would be to allege on information or otherwise the existence of such assets, whereupon the executrix, who is presumed to know the condition of the estate, and is required to show cause why an execution should not issue, should state some reason why the execution should not issue.

In Mount v. Mitchell (*supra*) it was said to be for the executor, "when he was called upon to pay, and when called upon to account before the Surrogate, to show cause, to have interposed this legal excuse, if it existed ; and such legal reason for declining to pay the Surrogate would have been bound to regard. No such excuse was made, nor is now claimed or pretended by the executor.

It is a maxim that if he who can and ought to have explained himself clearly and plainly, has not done it when the occasion demands and opportunity is presented to him, he cannot be allowed to introduce subsequent restrictions which he has not at the proper time expressed."

But in that case, the executor did account, and the Surrogate ordered the issuing of the execution after a full hearing. On the authority of this case, I am not disposed to hold that execution may issue in this case, merely because the executrix has failed to state any reason why the execution should not issue, except that no accounting has been had. On her objection to its issue, she is entitled to avail herself of any defect in the allegations of the petition.

I am of the opinion that the statute, as well as safety, require that the Surrogate should be in possession of sufficient facts to enable him to determine whether the executrix is in possession of funds and assets applicable to the judgment, and that the default of the executrix, in not stating the amount in her hands, cannot be regarded as proof upon that subject, in the absence of an allegation in the petition. If there are no sufficient allegations of assets in the petition, or admitted on the return of the order to show cause, then there should be an account required, in order that the Surrogate may be advised as to the amount applicable to the judgment.

An order should therefore issue, requiring the executrix to file an account, or a statement of the assets in her hands.

Ordered accordingly.