NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1882.

HAUSELT v. GANO.

*In the matter of the estate of* JOHN H. MCCUNN, *deceased.*

Where a petitioner, under Code Civ. Pro., § 1825, for leave to issue execution on a judgment rendered against an executor in his representative capacity, omits to allege the possession of assets applicable to the judgment, and the executor swears that there nowhere exists any property belonging to decedent's estate, the proceeding should be dismissed.

Although the Code of Civil Procedure does not absolutely require a direction to account upon the filing of such an application, the allowance of an execution, before ascertaining the executor's ability to pay the judgment from the funds of the estate, would be utterly unjustifiable.[*]

---

[*] See Code Civ. Pro., § 1826, limiting the amount directed to be collected by the execution to the "plaintiff's just proportion of the assets," as appearing.

APPLICATION by Charles Hauselt for leave to issue execution upon a judgment recovered against decedent's executors, James M. Gano and others, in their representative capacity. The facts appear sufficiently in the opinion.

KAUFFMANN & SANDERS, *for petitioner.*

THOMAS W. PITTMAN, *for executors.*

THE SURROGATE.—The petitioner, as assignee of a judgment which has been recovered against decedent's executors, asks leave to issue execution thereon. He does not allege that the executors, or any of them, are in possession of assets applicable to such judgment. On the other hand, one of the executors swears by his answer that there nowhere exists any property whatever belonging to decedent's estate.

It was decided by my predecessor, in the case of Melcher v. Fisk (*4 Redf., 22*), that, in view of certain restrictions of the Revised Statutes, the Surrogate ought not to direct the issue of an execution upon a judgment against executors, without informing himself, by an accounting or otherwise, that they possessed assets of the estate which could be lawfully applied to the satisfaction of such judgment. See, also, St. John v. Voorhies (*19 Abb. Pr., 53*).

All the provisions of the Revised Statutes upon which these decisions depend have been since repealed, but others of similar import have been embodied in the Code of Civil Procedure. By one of those repealed provisions, it was made the duty of the Surrogate, upon presentation of an application such as this, to issue a citation requiring the

executor "to appear and account;" and it was further declared that if, upon such accounting, it should appear that the executor held assets properly applicable to the payment of the judgment, an order should be entered for the issuance of execution (*Rev. Stat.*, sec. 21, title 5, chap. 6, part 2; *3 Banks, 6th ed., 125*). There is no similar provision in the Code which absolutely requires a direction to account upon the filing of a creditor's application, or which makes such a course essential as a means of ascertaining the possession of assets. But it is declared by section 2552 that "an order permitting a judgment creditor to issue an execution against an executor or administrator is, except upon an appeal therefrom, conclusive evidence that there are sufficient assets in his hands to satisfy the sum . . . . . for which the order permits the execution to issue." And, by the sections immediately succeeding, modes of procedure are established for enforcement of decrees and for punishment of contemptuous disobedience.

This is the clearest possible intimation, that, without first ascertaining the ability of an executor to pay, from the funds of his testator's estate, the judgment upon which execution is prayed for, the allowance of such an execution would be utterly unjustifiable (Matter of Clark, *2 Abb. N. C., 208*).

It is provided, by section 2723, that, in certain contingencies, including such a case as the present, the Surrogate "may in his discretion make an order requiring an executor to render an intermediate account." But such an order seems to be here unnecessary, in view of the fact that the petition does not aver, even upon information and belief, that any assets are in the hands of the exec-

utors, while the answer distinctly asserts the contrary. The proceeding must be dismissed.

Ordered accordingly.