SAMUEL FELT, APPELLANT, v. GEORGE H. DORR, AS ASSIGNEE, ETC., RESPONDENT, AND OTHERS.

*Supplementary proceedings — requirements of an execution issued upon a judgment recovered against an assignee for the benefit of creditors — Code of Civil Procedure, sec. 1371 — the assignee may be examined although proceedings for the settlement of his accounts are pending.*

During the pendency of an action brought by the plaintiff against Felt & Bell, as partners, upon a note given by them, they made a general assignment for the benefit of creditors to one Dorr. Thereafter Dorr was, upon his own application, made a party defendant and allowed to answer. The plaintiff recovered a judgment against Felt & Bell, and Dorr, as assignee, for damages and costs. Subsequently, upon an affidavit showing, among other things, that an execution issued "against the property of the said George H. Dorr, as assignee," had been returned unsatisfied, an order requiring him to appear and be examined in supplementary proceedings was granted.

*Held*, that the order should be vacated on the ground that it did not sufficiently appear that the execution had directed the sheriff to satisfy the judgment out of the trust property held by the assignee, as required by section 1371 of the Code of Civil Procedure.

That the fact that proceedings for the settlement of the assignee's account were pending before the county judge of a county other than that in which the order was made, would not have prevented the granting of the order had the issue and return of a proper execution been shown.

Appeal from an order made by the County Judge of Jefferson county, setting aside supplementary proceedings against the respondent.

*O'Brien & Emerson*, for the appellant.

*Wayland F. Ford*, for the respondent.

Smith, P. J.:

The plaintiff sued John Felt and Thomas H. Bell, partners, on a promissory note made by their firm. After suit, Felt & Bell assigned all their property to the defendant Dorr, in trust, for the benefit of their creditors. Thereupon Dorr applied to come in and defend such suit as assignee, and he was accordingly brought in as a party defendant and he answered the complaint. Judgment was recovered in the action, against Felt & Bell, and Dorr, as assignee, for $633.71 damages, and ninety-one dollars and twenty-one cents costs. Execution was issued for the costs included in said judgment against Dorr, as assignee, and returned unsatisfied. Upon an affidavit setting forth the facts of said judgment, execution and return, an order was made by the county judge of Jefferson county for the examination of Dorr, as such assignee, supplementary to execution. Dorr thereupon applied to the said judge to vacate such order, which was done, and the plaintiff appeals.

Dorr having intervened in the suit, as assignee, upon his own motion, it is to be presumed that he did so for some purpose which he regarded as beneficial to the trust estate in his hands; and he having interposed a defense, in which he was unsuccessful, and having been charged with costs in the judgment, he was liable to be proceeded against by proceedings supplementary to execution, for the collection of such costs, upon an affidavit showing the proper facts, the same as any other judgment debtor. He was the trustee of an express trust (*Cunningham v. McGregor*, 12 How. Pr., 305; *Conger* v. *H. R. R. R. Co.*, 7 Abb. Pr., 255), and the Code provides that in actions brought against trustees of an express trust, costs must be awarded as in actions against such persons defending in their own right, but they are exclusively chargeable upon and collectible out of the estate or fund he represents, unless the court directs them to be paid personally for mismanagement. (Code Civil Pro., § 3246.)

As Dorr was not charged personally with the costs, and they were payable only out of the fund in his hands, it was essential to the validity of supplementary proceedings against him, under the first subdivision of section 2432 of the Code, to show by competent proof the return unsatisfied of an execution requiring the sheriff to satisfy the judgment out of the trust property in his hands. Section 1371 of the Code provides that "an execution against real or personal property in the hands of an executor, administrator, heir, devisee, legatee, tenant of real property or trustee, must substantially require the sheriff to satisfy the judgment out of that property." The affidavit on which the judge acted in granting an order requiring Dorr to appear and be examined was defective in that particular. In respect to the contents or requirements of the execution issued and returned, the only averment was that it was an execution "against the property of the said George H. Dorr, as assignee." The execution was not set out in full, nor was a copy of it annexed to the affidavit, so that the only information which the judge had as to its contents was that which was given by the averment referred to. That was not enough. Simply describing the defendant as assignee was not a compliance with the statute. As was said by HARRIS, J., in *Olmsted* v. *Vredenburgh* (10 How. Pr., 215), which was a case under a similar provision of the old Code (§ 289), "it is not enough in such a case that the execution describes the defendants in their representative capacity. This would not prevent the sheriff from levying * * * upon the individual property of the defendants." The statute "is imperative that the execution shall require the officer to satisfy the judgment out of the property which, according to the judgment, is liable for its payment." There was no evidence before the judge that the execution contained that requirement. For this defect in the proof the order was properly vacated.

It is insisted by the respondent's counsel that as the county judge of St. Lawrence county has sole jurisdiction of the trust proceeding, that being the county in which the principal place of business of the copartners was situated at the time of the assignment, the proceedings pending before him for a settlement of the accounts of the assignee, were a bar to the proceedings before the county judge of Jefferson, otherwise the plaintiff herein would obtain a preference over other creditors. The position is unsound. The latter pro-

ceedings related merely to the costs which the assignee had incurred in the business of his trust, and for which the trust property was liable in full. The fund to be distributed among creditors, in the proceedings before the county judge of St. Lawrence, is what shall remain after payment of costs and all other expenses incurred in the administration of the trust. (See *People* v. *Cohocton Stone Road*, 25 Hun, 13, 18.)

But for the defect in the proof above pointed out we affirm the order, with ten dollars costs and disbursements.

HARDIN and MACOMBER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.