## In the Matter of RICHARD H. DISSOSWAY.

Under the Code of Civil Procedure where an execution can be issued against the property of one who is ordered by a decree of a surrogate to pay money to a party, execution must be issued and returned unsatisfied in whole or in part before proceedings for contempt can be instituted as provided for in said Code, §§ 2554, 2555.

Proceedings were instituted in May, 1881, to punish certain persons for alleged contempts in not complying with a decree of a surrogate requesting them to pay a sum of money. No execution had been issued upon the decree. *Held*, that the proceeding to punish for contempt was not a continuance of the original proceedings in which the decree was made, but was a special proceeding; and so said provisions of the Code are made applicable to it (§ 3347, subd. 11).

(Argued January 16, 1883; decided January 23, 1883.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made December 4, 1882, the nature of which, as well as the material facts, are stated in the opinion.

*Josiah Fletcher* for appellant. The proceeding (being one to enforce a civil remedy as for a contempt) was brought under the Code of 1880, because begun May 9, 1881, and is a special

proceeding. (*Ludlow* v. *Knox*, 7 Abb. [N. S.] 411; *Erie R'y Co.* v. *Ramsey*, 45 N. Y. 637; *Brinkley* v. *Brinkley*, 47 id. 40; *Carrington* v. *Florida R. R. Co.*, 52 id. 583; 4 Wait's Pr. 190; Code, § 2283; 2 R. S. 538–556, § 20.) The order was good as a *ca. sa.* ( *Watson* v. *Nelson*, 69 N. Y. 536.)

*H. B. Philbrook* for respondent. An attachment for a contempt can only be issued to enforce a decree or order adjudging the payment of money where it appears that the particular fund is in the hands of the person so ordered to pay. (*Estate of Draper*, December, 1878; *Watson* v. *Nelson*, 69 N. Y. 536.) Section 2555 of the Code regulates the proceedings to be taken to enforce a surrogate's decree directing the payment of money and is, therefore, by the eleventh subdivision of section 3347, confirmed in its application to special proceeding, commenced on or after September 1, 1880. (*Estate of Charity Woodhouse Calvin Sur.*)

EARL, J. Some time prior to the 17th day of October, 1879, Emma Bartlett died leaving a last will and testament, in which one Hayward was named executor. It is to be inferred that that will was subsequently admitted to probate, in the Surrogate's Court of the city of New York, and Hayward applied for letters testamentary. Dissosway, the present respondent, with other creditors, filed objections in the Surrogate's Court to the qualifications of Hayward as executor, and those objections came on for hearing before the surrogate, and gave rise to considerable litigation, the result of which was that the surrogate made a decree on the 17th day of October, 1879, adjudging that letters testamentary should be issued to Hayward, and that Dissosway and the other objecting creditors should pay to him for his costs and disbursements in the proceedings several sums aggregating $715.60. On the 9th day of May, 1881, the surrogate made an order requiring Dissosway and Weaver, one of the other objecting creditors against whom the decree was made, to show cause before him on the 19th day of May, 1881, why they, and each of them, should not be

punished, as for a contempt, for not complying with the decree requiring them to pay the sum of money above mentioned. That order was served upon Dissosway, and upon the return thereof a hearing was had, the result of which was an order by the surrogate that he " be and he hereby is directed to stand committed to the common jail of the county of New York, there to remain charged upon said contempt until said several sums, amounting to $715.60, with lawful interest thereon, from said 17th day of October, 1879, shall be fully paid to said J. K. Hayward, unless he shall be sooner discharged by the court, and that a warrant may issue to carry this order into effect." A certified copy of this order was delivered to the sheriff and by virtue thereof he arrested Dissosway, and held him in custody. Thereafter Dissosway presented a petition to a judge of the Superior Court of the city of New York, praying for a writ of *habeas corpus* to be directed to the sheriff, commanding him to produce him before the judge at his chambers in the city of New York. In his petition he set forth the substance of the decree of the surrogate, made on the 17th of October, 1879, and he annexed a copy of the order by virtue of which the sheriff arrested him. He also alleged in his petition, that the decree of the surrogate of October 17 could be enforced by execution, and that no execution had been issued to collect the amount directed to be paid by the decree ; and he claimed that the surrogate had no jurisdiction to adjudge him in contempt, and to order him to be imprisoned. Upon the hearing before the judge, he ordered Dissosway to be discharged from the custody of the sheriff, and from further imprisonment under the order of the surrogate. From that order Hayward appealed to the General Term of the Superior Court, and from affirmance there he has brought this appeal.

Section 2550 of the Code of Civil Procedure provides that " the final determination of the rights of the parties to a special proceeding in a Surrogate's Court is styled indifferently a final order or a decree." Therefore the decision made on the 17th of October, 1879, was a decree. Section 2554 provides that " a decree directing the payment of a sum of money into court, or

to one or more parties, may be enforced by an execution against the property of the party directed to make the payment." Section 2555 provides that a decree of a Surrogate's Court directing the payment of money may be enforced by serving a certified copy thereof upon the party against whom it is rendered, and that if he refuses, or willfully neglects to obey it, by punishing him for a contempt of court, in the following cases : *First.* Where it cannot be enforced by execution as prescribed in the preceding section. *Second.* Where part of it cannot be enforced by execution. *Third.* Where an execution issued as prescribed in the preceding section to the sheriff of the surrogate's county has been returned by him wholly or partly unsatisfied. Therefore, where an execution can be issued against the property of one who is ordered by a decree of the surrogate to pay money to a party, such an execution must be issued and returned unsatisfied, in whole or in part, before proceedings for a contempt under section 2555 can be instituted, and until such an execution has been issued and returned unsatisfied, the surrogate has no jurisdiction to punish for contempt. It is alleged in the petition presented to the judge that no execution had been issued to collect the money required to be paid by the decree, and we must assume that the judge upon the hearing before him, in the absence of any proof or fact in the case to the contrary, found that fact to be true ; and hence if the provisions of the Code are applicable to this case, the order discharging Dissosway was properly made, and there is no ground for this appeal. The proceedings to punish Dissosway for contempt were commenced by the order to show cause made on the 9th day of May, 1881. This was not a continuation of the original proceedings, but was a special proceeding, and hence under section 3347, subdivision 11, the Code is specially applicable to it.

It, therefore, seems clear that the decision of the judge was right, and the decision of the General Term affirming it should be affirmed by this court, with costs.

All concur.

Order affirmed.