(19 App. Div. 381.)

## In re HUMFREVILLE.

(Supreme Court, Appellate Division, First Department.    July 2, 1897.)

CONTEMPT—POWER OF SURROGATE—REFUSAL TO PAY COSTS.
    Under sections 2554, 2555, Code Civ. Proc., a surrogate has power to enforce a decree directing the payment of costs, by proceedings for contempt.

Appeal from surrogate's court, New York county.

In the matter of the application for the removal of J. Lee Humfreville, as executor of Mary J. Havemeyer, deceased.    The executor appeals from an order adjudging him guilty of contempt, and directing that he be committed to the common jail until he pays certain moneys. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Abram Kling, for appellant.

Henry H. Whitman, for respondent.

O'BRIEN, J.    The single question presented on this appeal is whether a decree of the surrogate directing the payment of costs may be enforced by contempt proceedings.    As a matter of first impression, we should be inclined to answer this in the negative; and this impression is strengthened by our recollection that prior to the adoption of the present Code, and pursuant to the provisions of the Revised Statutes, no person could be arrested or imprisoned for the nonpayment of costs awarded in an action or special proceeding; and by section 15 of the Code of Civil Procedure it is provided:

"But a person shall not be arrested or imprisoned, for the nonpayment of costs, awarded otherwise than by a final judgment, or a final order, made in a special proceeding instituted by state writ, except where an attorney, counsellor or other officer of the court, is ordered to pay costs for misconduct as such, or a witness is ordered to pay costs on an attachment for nonattendance."

The proceedings for the removal of Mr. Humfreville as executor cannot be brought within any of the clauses of this section, so as to authorize, under it, his imprisonment, because the moneys directed to be paid were the interlocutory costs and disbursements arising upon an appeal from an order of the surrogate in proceedings pending in the surrogate's court; and there are many cases which hold that under the Revised Statutes, and before the enactment of the second part of the Code, there was no authority to punish as for a contempt for the nonpayment of costs, even though such costs were provided for by an order or a decree.    By the provisions, however, of the second part of the Code, enacted in 1880, and under section 2555, the courts have recognized in every case, so far as we have had our attention called to it, the power of the surrogate's court to enforce a decree, including a direction as to the payment of costs, by a contempt proceeding.

In Re Kurtzman, 2 N. Y. St. Rep. 655, where the question was presented as to the power of the surrogate to punish an administrator for contempt for failure to pay an allowance to a special guardian under a decree, the late general term in this department said:

"Whatever doubt there may have been before the Code as to the power of the surrogate to punish an administrator for contempt in proceedings of this character, there can no longer be any doubt as to such power and its extent."

And Mr. Redfield, in his work on Surrogates' Courts, says (page 876):

"But payment of the costs awarded against a party by a final decree—e. g. a decree granting probate—may be enforced by attachment."

While In re Dissosway, 91 N. Y. 235, is not an authority, it furnishes a strong argument for the construction given to the section by the surrogate. That was a contest between Dissosway, a creditor, and one Hayward, as to the qualifications of the latter to receive letters testamentary. The proceeding terminated in a decree awarding letters to Hayward, and directing Dissosway to pay $715.60 costs and disbursements. A motion was then made to punish him as for a contempt for his failure to pay such costs, which was granted. The matter came before the supreme court on habeas corpus. The court of appeals, referring to the various sections of the Code, intimated no doubt, but, on the contrary, seemingly recognized the power of the surrogate to enforce such a decree by contempt proceedings, but held that as no proper foundation in that instance for the proceeding had been laid by the issuance of an execution, as provided in section 2555, the order discharging Dissosway from arrest was proper.

Although the power exercised by surrogates is only that conferred by statute, and is limited thereby, we think that the language of the sections relied upon will justify the construction placed upon it by the surrogate in this proceeding. By section 2554 of the Code it is provided that a decree directing the payment of a sum of money into court, or to one or more parties, may be enforced by an execution against the property of the parties directed to make the same. By section 2555 it is provided that a decree of the surrogate's court directing the payment of moneys may be enforced by serving a certified copy upon the party against whom it is rendered, and, if he refuses or willfully neglects to pay it, by punishing him for a contempt of court—First, where it cannot be enforced by execution; second, where part of it cannot be so enforced by execution; and, third, where an execution issued has been returned wholly or partly unsatisfied. It is insisted, however, by the appellant, that the payment of money as provided by this section of the Code has reference only to moneys belonging to an estate of which the party was either executor or trustee, which moneys he holds in trust for the benefit of some third party, and has no application to a case in which there has been a nonpayment of interlocutory costs in a proceeding pending in the surrogate's court. This view is sought to be upheld by the case of Watson v. Nelson, 69 N. Y. 537, and many other cases that might be referred to, relating to the statutory powers of surrogates as they existed under the Revised Statutes, which, as before stated, have been superseded by the enactment of the second part of the Code in 1880. We do not find in the language used any limitation as to the kind or nature of the money to be paid. It is in the broadest terms, and would include costs or any sum of money which by a final decree was directed to be paid. We do not understand that there is any contention but

that the direction to pay the money was by a final decree.    Therefore it comes expressly within the terms of the sections; and we fail to find any language that could be construed into a limitation of the general power thus conferred, or that would make it applicable only in cases where the decree has reference to moneys belonging to an estate of which the party is either executor or trustee, which moneys he holds in trust for the benefit of third parties; but it is equally applicable to the payment of all sums of money, whether costs or otherwise, included in and directed to be paid by a final decree.

The suggestion that the decree is defective because it provides for the payment to the petitioners or their attorneys, and that this is not equivalent to a judgment that Humfreville has refused to obey any decree of the surrogate by which the rights of any of the respondents have been impeded or impaired, we think is without force.    Even if that direction were irregular, it could furnish no defense to the proceeding to enforce the decree; for, assuming such a direction to be improper, the appellant's only remedy would be by appeal or a motion to correct the decree.    The decree was not void, and could not therefore be disregarded by reason of any such irregularity.    People v. Bergen, 53 N. Y. 404; Ferguson v. Cummings, 1 Dem. Sur. 423.    Nor do we think that any of the other grounds of irregularity suggested are fatal to the order appealed from, which is based on service of the decree and demand, and upon an order to show cause, which is the practice authorized by the Code.

Our conclusion, therefore, upon the merits, taking the language of the sections relied upon, is that the Code, as now existing, has conferred upon the surrogate power to enforce a decree directing the payment of costs by proceedings for contempt, and that, therefore, the order of the surrogate must be affirmed, with costs and disbursements. All concur.