In the Matter of the Application for the Removal of J. LEE HUMFREVILLE, as Executor of MARY J. HAVEMEYER, Deceased.

J. LEE HUMFREVILLE, Appellant; JENNIE BLANCHE HAVE-MYER CAMPBELL et al., Respondents.

1. SURROGATE'S COURT — CONTEMPT — IMPRISONMENT FOR NON-PAY-MENT OF COSTS. Section 2555 of the Code of Civil Procedure, authorizing the enforcement of certain decrees of a Surrogate's Court by proceedings for contempt, does not apply to decrees for the payment of costs only; and as to such a decree a surrogate is subject to the general provision of section 15, prohibiting imprisonment for non-payment of costs except in the cases specified therein.

2. REMOVAL OF EXECUTOR — COSTS.   When the only payment of money directed by a decree of a Surrogate's Court removing an executor is costs, it cannot be enforced by imprisonment.

*Matter of Humfreville*, 19 App. Div. 381, reversed.

(Argued October 4, 1897; decided October 12, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made July 2, 1897, which affirmed an order of the Surrogate's Court of the city and county of New York adjudging the appellant guilty of a contempt of court.

The facts, so far as material, are stated in the opinion.

*Abram Kling* for appellant.   The surrogate had no power to direct the imprisonment of the appellant for the non-payment of costs and disbursements, as awarded by the Appellate Division of the Supreme Court.   (*Sherwin* v. *People*, 100 N. Y. 358; Code Civ. Pro. §§ 2, 14, 16, 1991, 2007, 2481; *Watson* v. *Nelson*, 69 N. Y. 536; *Riggs* v. *Cragg*, 89 N. Y. 479; *G. P. & R. Mfg. Co.* v. *Mayor, etc.*, 108 N. Y. 276.)   The claim that the surrogate had power, pursuant to section 2555 of the Code, to commit the appellant as for a contempt for the non-payment of costs, and section 15 of the Code has no application to the Surrogate's Court, is untenable.   (Code Civ. Pro. §§ 15, 1769, 1773, 2554, 2555; *Hathaway* v. *Johnson*, 55 N. Y. 93; *Gibbs* v. *Prindle*, 11 App. Div. 470; *Tunstall* v. *Winton*, 31 Hun, 219; *Watson* v. *Nelson*, 69 N. Y. 537; *Branth* v. *Branth*, 13 N. Y. Supp. 360; *Lansing* v. *Lansing*, 4 Lans. 377.)   There has been no adjudication that the appellant has refused to obey any order or decree of the surrogate, by which the rights and remedies of the respondents have been impeded or impaired.   (*Bergin* v. *Deering*, 70 Hun, 381; *Fischer* v. *Raab*, 81 N. Y. 235.)

*Henry H. Whitman* for respondents.   The decree of the surrogate of May 5, 1896, directing the payment of costs, may be enforced by contempt proceedings.   (Code Civ. Pro. § 2583; *People ex rel.* v. *Bergen*, 53 N. Y. 404; *People ex*

*rel.* v. *Anthony*, 7 App. Div. 132; *R. L. Co.* v. *Brigham*, 1 App. Div. 490; *Mayor, etc., N. Y. & S. I. Ferry Co.*, 8 J. & S. 300.) The written direction of the surrogate sought to be enforced was a decree or final order within the meaning of the Code. (Code Civ. Pro. §§ 779, 2550, 2555, 2556, 2583, 2585, 2587, 2603, 2605.) The fact that the decree ordered the payment of costs to the petitioners or their attorneys, even were that direction irregular, could furnish no defense to the proceeding to enforce that decree. (*People ex rel.* v. *Bergen*, 53 N. Y. 404; *Ferguson* v. *Cummings*, 1 Dem. 423.) Under the present Code, Surrogates' Courts are given greater power to enforce their decrees by contempt proceedings than is vested in other courts of record. (Code Civ. Pro. §§ 14, 1241, 2481, 2555, 3347.) Since the enactment of the second part of the Code in 1880, the courts have uniformly recognized this power of surrogates to enforce a decree, including those directing the payment of costs, by contempt proceedings. (*In re Dissosway*, 91 N. Y. 235; *Gillies* v. *Krueder*, 1 Dem. 349; *In re Kurtzman*, 2 N. Y. S. R. 655; *In re Bartlett*, 3 Law Bull. 163; Redf. on Surr. 876; *In re Lippencott*, 5 Dem. 299.)

O'BRIEN, J. The only question involved in this appeal is the power of the Surrogate's Court to enforce a decree for the payment of costs by imprisonment. It appears that upon an application to remove the appellant, J. Lee Humfreville, from the office of executor and testamentary trustee under the will of Mary J. Havemeyer, deceased, the surrogate of New York, on the 5th day of May, 1896, entered a decree revoking the letters testamentary issued to the appellant, as executor and trustee, and removing him from office. The decree further directed that the appellant pay to the petitioners in the proceeding, or to their attorneys, the sum of $625.72 costs.

This decree was duly served upon the appellant, but the costs were not paid. On the 30th of April, 1897, another order was entered in the Surrogate's Court, upon a hearing of all parties interested, adjudging the appellant to be guilty of contempt in disobeying the order referred to, which was cal-

culated to and actually did defeat, impair, impede and preju-
dice the rights and remedies of said petitioners, to their actual
loss or damage, in the sum of $625.72. It imposed a fine upon
the appellant as a punishment for this contempt to the amount
of the costs so awarded and directed that he be committed by
the sheriff of the city and county of New York to the county
jail of said county, to be there detained in close custody until
he pay said sum, or be discharged according to law, and that
a warrant issue to execute the order. Upon an appeal to the
Appellate Division the order of the surrogate was affirmed,
and it is this order which is now before us for review.

The decision of the question here involved requires the con-
struction of two sections of the Code of Civil Procedure,
which would appear, at first view, to be in conflict with each
other. The various sections and provisions of the Code are to
be read and construed as one complete act, and all of its pro-
visions should be made to harmonize with each other as far as
possible. By section 15 it is enacted that " a person shall not
be arrested or imprisoned, for the non-payment of costs,
awarded otherwise than by a final judgment, or a final order,
made in a special proceeding instituted by state writ, except
where an attorney, counselor, or other officer of the court, is
ordered to pay costs for misconduct as such, or a witness is
ordered to pay costs on an attachment for non-attendance."
It cannot be denied that by this section imprisonment for the
non-payment of costs is plainly and absolutely prohibited,
except in the cases therein particularly specified; and it is not
claimed that the case at bar comes within any of these excep-
tions, and obviously it does not. What is there forbidden in
clear and comprehensive terms cannot be held to be permitted
by some subsequent section or provision, unless such permis-
sion is expressed in language clear and certain. The general
rule to be observed from the provisions of this section is that
judgments or decrees for the payment of costs cannot be
enforced by imprisonment.

But it is said that, notwithstanding the prohibition of this
section against the enforcement of the payment of costs by

imprisonment, the order appealed from is justified by the provisions of section 2555. That section provides that, in certain cases, the decree of the Surrogate's Court directing the *payment of money*, or requiring the performance of any other act, may be enforced by serving a certified copy thereof upon the party against whom it is rendered, or the officer or person who is required thereby, or by law, to obey it; and if he refuses or willfully neglects to obey it, by punishing him for a contempt of court. The cases in which this remedy may be pursued are specified in the section, and are : (1) Where the decree cannot be enforced by execution ; (2) where part of it cannot be enforced by execution, in which case the part or parts which cannot be so enforced may be enforced as prescribed in this section; (3) where an execution has been issued to the sheriff of the surrogate's county and returned by him wholly or partly unsatisfied; (4) where the delinquent is an executor, administrator, guardian or testamentary trustee, and the decree relates to the fund or estate, in which case the decree may be enforced by proceedings for contempt, after the return of the execution, or without issuing an execution, in the discretion of the surrogate. Now, this section obviously does specify certain cases in which a surrogate's decree may be enforced by imprisonment; but it is important to observe that nothing in the section necessarily or specifically relates to a decree for the payment of costs, pure and simple. Section 2554 provides that a decree directing the payment of a sum of money into court, or to one or more parties, may be enforced by an execution against the property of the party directed to make payment. For the purpose of determining the effect of the different provisions of this Code, with respect to each other, they are to be deemed to have been enacted simultaneously. (Sec. 3355.) Treating the sections referred to as having been enacted on the same day and in the same bill, and reading them all together, the question here is, what is their legal effect and real meaning ? Section 15 relates to costs, and to costs alone, and prohibits imprisonment for their collection. Section 2555 relates to decrees of Surrogates'

Courts directing the payment of money or the performance of any other act, and is not at all in conflict with section 15. The two provisions can have full force and effect and stand together. If the decree in the Surrogate's Court simply directs the payment of costs and nothing else, imprisonment cannot follow, under the provisions of section 15. There is nothing in section 2555 inconsistent with this. That section manifestly refers to decrees for the payment of money adjudged against a party other than mere costs. It authorizes imprisonment for the enforcement of such decree, and it may very well be that when, in such a decree for the payment of money, general costs are also included as an incident of the judgment, that then the whole decree may be enforced by proceedings for contempt. But that is not the case before us. The money which the appellant was directed by the order to pay was costs, and nothing else, and the collection of such costs cannot be enforced by imprisonment without violating the general prohibition of section 15. Since there is nothing in section 2555 specifically authorizing the enforcement of a judgment or decree for costs by imprisonment, and since imprisonment in such cases is absolutely forbidden by section 15, the two sections, when read together and construed together, relieve the appellant in this case from liability to imprisonment.

There is another view of the case that tends to strengthen this conclusion. There are numerous proceedings authorized by statute in the Surrogates' Courts touching the administration of estates of deceased persons, such as the removal of testamentary trustees, their accounting, and even the accounting of executors generally, as to which the Supreme Court has concurrent jurisdiction. It is not claimed that in any of these cases a decree for costs, when made in the Supreme Court, could be enforced by imprisonment. It is probably true that the proceeding in this very case for the removal of the appellant as testamentary trustee, could have been instituted in the Supreme Court, and, had it been instituted in that tribunal and the same costs awarded, it would not be

claimed that the delinquent trustee, removed by the judgment, could have been subjected to imprisonment for the non-payment of the costs. So that, if the decision of the courts below is correct, a litigant in the Surrogate's Court may be imprisoned for costs, while if precisely the same litigation had been instituted in another court with concurrent jurisdiction, such a remedy would not follow. We do not think that the several sections of the Code to which reference has been made, when properly construed and understood, can possibly lead to such inconsistent and incongruous results. The general prohibition against imprisonment for costs contained in section 15, when read into the subsequent section, as it should be, prohibits such imprisonment in all cases where the successful party has recovered costs, simply without regard to the particular court in which the proceeding is instituted. This construction harmonizes the two sections and gives full scope and operation to each, and, at the same time, enforces what was obviously the general policy of the legislature, to prohibit imprisonment for costs, except in the cases specially reserved.

Without attempting to criticize any of the cases cited by the learned counsel for the respondent in support of the decree below, it is quite sufficient to say that none of them are controlling, and the most important ones can be easily reconciled with the result reached in this case.

For these reasons I think the order of the Appellate Division and that of the surrogate should be reversed, with costs to the appellant in all the courts.

All concur, except GRAY, J., who dissents on the ground that the court has committed itself to the other view in the *Dissosway Case* (91 N. Y. 235).

Orders reversed.