## THE STATE v. THE HUDSON COUNTY ELECTRIC COMPANY.

Proceedings to punish a party for disobedience of the stay implied in a writ of *certiorari* do not form part of the *certiorari* suit, so as to authorize the court in those proceedings to take notice of the files in the *certiorari* suit, without their being put in evidence in the contempt proceedings.

On rule to show cause why the Hudson County Electric Company should not be punished for contempt.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the rule, *De Witt Van Buskirk.*

*Contra, Thomas N. McCarter.*

The opinion of the court was delivered by

DIXON, J. This matter comes before us on proofs taken under a rule requiring the Hudson County Electric Company to show cause why it should not be punished for contempt in disobeying the stay implied in a writ of *certiorari* which brought up for review an ordinance of the mayor and council of the city of Bayonne. Among the proofs submitted we find neither the ordinance nor the writ, and without them it is impossible to determine whether the acts done were in vio-

lation of the stay or not.   This omission probably results from an assumption by counsel prosecuting the rule that the present proceeding is part of the original suit, and that therefore the court would take judicial notice of the files in that suit without their being formally put in evidence here.   But such an assumption is erroneous.

If the object of this proceeding had been to further the orderly progress of the original suit, or to obtain private relief in the execution of some order therein made, precedents might be cited for considering this proceeding as a part of that cause.   *Buck* v. *Buck*, 60 *Ill.* 105 ; *Andrew* v. *Andrew*, 20 *Atl. Rep.* (*Vt.*) 817.   But when the purpose is, as in the present case, merely to punish a party for an alleged disregard of the authority of the court, the proceeding is quasi-criminal, and entirely distinct from the suit out of which it sprang.   *Magennis* v. *Parkhurst*, 3 *Gr. Ch.* 433; *New Orleans* v. *Steamship Co.*, 20 *Wall.* 387 ; *McDermott* v. *Clary*, 107 *Mass.* 501 ; *Matter of Dissosway*, 91 *N. Y.* 235 ; *Stafford* v. *Brown*, 4 *Paige* 360 ; *Lester* v. *People*, 37 *N. E. Rep.* (*Ill.*) 1004 ; 4 *Ency. Pl. & Pr.* 771.

For lack of evidence, therefore, the rule to show cause must be discharged.

No costs are allowed.