(Surrogate's Court, New York County. December, 1901.)

**1. CONTEMPT—ACTS OF ATTORNEY.**
Where an attorney for an executor knew that a decree against the executor was unsatisfied in part, and procured it to be satisfied of record, the executor will not be punished for contempt unless he was actually privy to such unauthorized satisfaction.

**2. EXECUTORS—LIABILITY UNDER DECREE.**
A decree against an executor in so far as it charges him personally with costs is a money judgment, and enforceable by execution only.

**3. SAME—DEMAND OF PAYMENT.**
A demand upon an executor to pay the balance due on a decree against him for the sum mentioned in the decree and for costs is insufficient as a foundation to punish the executor as for contempt in failing to pay such balance.

In the matter of the estate of John Feehan, deceased. Application to punish executor for contempt. Application denied.

Adams & Hyde, for petitioners.
Bernard J. Tinney, for respondent.

THOMAS, S. The application is to punish the executor for contempt. On December 10, 1898, in a proceeding for the judicial settlement of the account of the executor, a decree was made by a surrogate of this court by which it was adjudged that he had in his hands property of the estate, after the allowance of all just credits, to the extent of $7,610.35, which sum he was directed to pay one-fifth thereof to each of five designated persons, and he was also adjudged personally to pay to all of such persons jointly the further sum of $590.60 for the costs and disbursements of the proceeding. This decree was the result of a long contest, at the beginning of which the executor denied all indebtedness to the parties who ultimately succeeded, and who were represented by the petitioners in

this proceeding as their attorneys. From the decree so made no appeal was ever taken. Notice in writing that the attorneys claimed a lien on the moneys due was formally served upon the executor, but, notwithstanding such notice, and in disregard of any claim of lien of the attorneys, the executor made a secret settlement with the clients, and certificates of satisfaction of the decree were executed by the clients. These certificates were dated and acknowledged on January 10, 1899. They were filed of record with the clerk of this court on the following day, and the decree was thereupon discharged of record. A transcript of the decree had been filed in the county clerk's office, and had there been docketed, and this record was also marked as discharged. The attorneys first sought compensation for their services against their clients, and obtained judgment against them on May 17, 1899, in the city court for $2,083.24, which proved not to be collectible by execution. They then applied by motion to this court to have the certificates of discharge of the original decree set aside, and for other relief. An order was made on this application by Surrogate Varnum, dated December 29, 1899, which directed: (1) That the records of this court be amended by striking therefrom the note of the satisfaction of record of the original decree, and substituting a statement that said decree is satisfied except as to the sum of $2,083.24, with interest from May 17, 1899; (2) that the said satisfactions of the decree be vacated and set aside "to the extent of $2,083.24, with interest from May 17, 1899, which sum is the lien of the petitioners upon said decree"; (3) that the county clerk mark upon the certificates of discharge that they were "vacated and set aside to the extent as aforesaid,—that is, to the extent of $2,083.24, with interest from May 17, 1899"; and (4) "that the said petitioners be, and they are hereby, authorized to enforce the said decree filed in the office of the clerk of this court on the 10th day of December, 1898, against the said James Regan [the executor], so far as it may be necessary, their aforesaid lien upon said decree." An appeal from this order was taken to the appellate division of the supreme court, where it was reversed. A further appeal was taken to the court of appeals, where the order of reversal made by the appellate division was reversed, and the original order of the surrogate was affirmed. The opinions rendered in the course of this litigation are reported in Re Regan, 29 Misc. Rep. 527, 60 N. Y. Supp. 1074; Id., 58 App. Div. 1, 68 N. Y. Supp. 527; Id., 167 N. Y. 338, 60 N. E. 658. The remittitur from the court of appeals was filed in this court on June 12, 1901, and a formal order of this court was made thereon, after notice of settlement had been served on Mr. Bernard J. Tinney, the attorney for the executor, on June 21, 1901, which order was served on the executor on June 24, 1901. Notwithstanding the fact that Mr. Tinney had thus been formally notified of the action of the court of appeals on June 24, 1901, he presented to a clerk of this court duplicate certificates of discharge of the original decree, and requested that the decree be marked satisfied. In order to meet the objection that Surrogate Varnum had determined that the previous satisfaction be set aside, he called the attention of the clerk

to the remittitur of the appellate division reversing the order of Surrogate Varnum, and did not disclose the recent action of the court of appeals. By this means he procured the clerk to receive the certificates and mark the record as he requested. The entry thus made was, of course, irregular, and it was therefore stricken from the record by a surrogate on his own motion, but the procuring this entry to be made is one of the contempts for which it is sought to punish the executor. There can be no question that the conduct of Mr. Tinney, the attorney, was highly improper and inexcusable. No question is presented as to the degree of his offense, or the measure of punishment which should be imposed upon him, since the application is to punish, not the attorney, but the executor. No evidence is presented to show that the executor authorized or approved of Mr. Tinney's action. The implied authority of an attorney does not extend to permit him to bind the client to a liability for a criminal contempt without the actual privity of the client. Satterlee v. De Comeau, 7 Rob. 666. For this reason this branch of the application must be denied.

In its second branch the application is to punish the executor for his disobedience in failing to pay to the petitioners the portion of the moneys adjudged payable under the decree of December 10, 1898, thereafter determined by the order of December 29, 1899, to belong to the petitioners by virtue of their lien as attorneys. As to the sum of $590.60 costs, part of the moneys adjudged by the decree of December 10, 1898, they were to be paid by the executor "personally" out of his own estate, and not out of the fund determined to be in his hands as executor. To the extent of this item the decree is a money judgment, enforceable by execution, and not otherwise. The order of December 29, 1899, determines that the petitioners have a lien upon the decree to the extent of $2,083.24, with interest from May 17, 1899. In the absence of a distinct determination otherwise, I must assume that the costs included in the decree are still entirely unpaid, and that they form a part of the sum to which the lien of the attorneys attaches. The remedy now invoked can be awarded, if at all, only for the difference between the amount of the entire lien and the amount of the costs, since that balance is the only part of the decree not already satisfied as to which payment is directed to be made by the executor from the funds of the estate. The only demand alleged to have been made upon the executor is for payment of the entire amount of the petitioners' lien upon the entire decree. The refusal of such a demand cannot be made the foundation of a proceeding to punish for contempt. In re Humfreville, 154 N. Y. 115, 47 N. E. 1086; In re Lenihan's Estate, Surr. Dec. 1901, 470; In re Broderick's Estate, Surr. Dec. 1899, 189. The conclusion thus reached makes it unnecessary to pass upon the motion on the part of the respondent to dismiss on the ground of certain alleged irregularities in the moving papers. The application is denied, with leave to renew upon proof of a further demand upon the executor.

Application denied, with leave to renew upon proof of a further demand upon executor.