---

(108 App. Div. 12.)

### In re BANNING.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

CONTEMPT—ENFORCEMENT OF DECREE—AUTHORITY OF SURROGATE'S COURT.

Code Civ. Proc. § 2555, authorizing the Surrogate's Court to punish for contempt the refusal to obey an order directing the payment of money in cases therein enumerated, when read in connection with section 15, forbidding the imprisonment for debt for nonpayment of costs, except when an attorney is ordered to pay costs for misconduct or a witness is ordered to pay costs for nonattendance, does not authorize a Surrogate's Court to punish for contempt an administrator failing to obey a decree directing him personally to pay certain costs.

Appeal from Surrogate's Court, Westchester County.

Proceedings for the judicial settlement of the account of Archibald T. Banning, as administrator of Charles F. Irwin, deceased. From an order denying a motion to punish the administrator for contempt, Eliza Ryan and another appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Charles F. Brandt, for appellants.
Sydney M. Wood, for respondent.

HIRSCHBERG, P. J. The appeal is from an order denying a motion to punish the respondent for contempt in not paying costs awarded against him personally. The respondent is the administrator of an estate, and on the judicial settlement of his account it was decreed by the Surrogate's Court of Westchester county that he personally pay to the appellants, who were contestants upon such settlement, or to their attorney, the sum of $70 costs. In default of such payment proceedings were instituted on behalf of the contestants to punish the administrator for contempt of court, pursuant to the provisions of section 2555 of the Code of Civil Procedure.

The application was properly denied. The requirement of the decree that the contestants recover costs has no relation to the funds of the estate, which is represented by the respondent as administrator, but is purely a personal recovery against him as an individual. The language of section 2555 of the Code of Civil Procedure may be broad enough to include the remedy herein invoked, but that section is to be read in connection with section 15, which forbids imprisonment for nonpayment of costs, except in cases therein specified, not including the one at bar. It was so held by the Court of Appeals in Matter of Humfreville, 154 N. Y. 115, 47 N. E. 1086, where a decision to the effect that a surrogate could enforce by imprisonment a decree for the payment of costs was reversed. The court said (page 118 of 154 N. Y., page 1086 of 47 N. E.):

"The various sections and provisions of the Code are to be read and construed as one complete act, and all of its provisions should be made to harmonize with each other as far as possible. By section 15 it is enacted that 'a person shall not be arrested or imprisoned, for the nonpayment of costs, awarded otherwise than by a final judgment, or a final order, made in a special proceeding instituted by state writ, except where an attorney, counselor, or other officer of the court, is ordered to pay costs for misconduct as such, or a witness is ordered to pay costs on an attachment for nonattendance.' It cannot be denied that by this section imprisonment for the nonpayment of costs is plainly and absolutely prohibited, except in the cases therein particularly specified; and it is not claimed that the case at bar comes within any of these exceptions, and obviously it does not. What is there forbidden in clear and comprehensive terms cannot be held to be permitted by some subsequent section or provision, unless such permission is expressed in language clear and certain. The general rule to be observed from the provisions of this section is that judgments or decrees for the payment of costs cannot be enforced by imprisonment."

The order should be affirmed.

Order of the Surrogate's Court of Westchester county affirmed, with costs. All concur.