court may arrest the prosecution he has instituted (Hudson River W. S. Ry. Co. v. Kay, 14 Abb. Prac. [N. S.] 191), and, conversely, disregard him and his contentions when he attempts to defend. To appear, therefore, for another's protection or for his own profit, a lawyer must make good the position he claims betimes and with proof. The authority herein assumed, having been impeached by the duly acknowledged statement and affidavit of the alleged client, the lawyer could not continue in the case upon his mere assertion and upon an unauthenticated statement of the person whom he would have for his client, and a direction of a verdict was proper.

Having in view the restrictions in the paper as to costs, the learned trial justice indorsed upon the papers:

"Jury directed by the court to find for the possession of the property named in the writ, the value of which is fixed at $200."

Possibly this sum might have been for less, as the value stated by the plaintiff's witness was $150 to $200; but no harm will come thereby to the party named as defendant, if he, a janitor, without, so far as appears by the record, any pretentions to rights of ownership or possession, does not oppose the return of the property.

Judgment affirmed, with costs. All concur.

---

## In re GRANT.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

Costs (§ 281*)—Payment and Remedies for Collection—Contempt.

The surrogate has no authority to enforce payment of costs by contempt proceedings.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1072; Dec. Dig. § 281.*]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the account of Frederic Grant, as temporary administrator of the estate of James Grant, deceased. From an order of the Surrogate's Court, punishing Frederic Grant, temporary administrator, for contempt, he appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Charles E. Souther, for appellant.

Arthur L. Marvin, for respondent.

SCOTT, J. This is an appeal by Frederic Grant, the temporary administrator of James Grant, deceased, from an order of the surrogate punishing him, as for a contempt, for his failure to pay costs awarded to a special guardian and to certain other parties who appeared as objectors to an account filed by appellant. It clearly appears that appellant has no funds of the estate in his hands wherewith to pay the costs, and the proceeding which culminated in the order

appealed from was in effect one to compel him to pay such costs personally. It was held in Matter of Humfreville, 154 N. Y. 115, 47 N. E. 1086, that the surrogate had no authority to enforce the payment of costs by contempt proceedings.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to punish the appellant for contempt denied. All concur.