Henry Van Dyke, Appellant, v. John V. D. Emmons, Executor, &c., Respondent.

A bequest of a comfortable support to the daughter of the testator, for and during the period of her widowhood, and a provision in the will making such bequest a charge upon the real estate devised to his three sons, does not convey a fee by implication.

This is an action upon a covenant of the defendant's testator, John Van Dyke, made on the 12th of June, 1828, wherein, after reciting that his father, then deceased, had devised one-third of his real estate to this plaintiff, and that the plaintiff had sold and conveyed the same to defendant's testator, he, the testator, for a valuable consideration, agreed with the plaintiff "to pay all such sum or sums of money, legacies and charges, and perform all such duties and discharge all such incumbrances, as the plaintiff would have been liable to have paid, done and performed, if said conveyance had not been made."

The plaintiff then averred that "he would have been liable to have paid for the support and maintenance of Martha Van Cleef, if he had not made such conveyance to said testator, at least, the sum of one thousand dollars." It appeared, on the trial, that Wm. Van Dyke, father of the parties, by his will, gave to his daughter Martha Van Cleef, a widow, as follows: "A comfortable support and maintenance out of my estate for and during the time she shall remain in the state of her present widowhood, and in case she should marry again, I order and direct my said sons to pay unto her the sum of one hundred and twenty-five dollars in lieu of such support and maintenance."

By another clause of his will he bequeathed portions of his personal estate, and by another he bequeathed the residue thereof to certain of his children.

In a subsequent clause he devised his real estate to his three sons, their heirs and assigns forever, share and share alike. Then follows this provision: "And I do hereby

charge and subject the estate in this my will given, devised and bequeathed to my said sons, with the payment of my just and lawful debts, funeral and other expenses, and with the maintenance and support hereinbefore by me provided for my wife Maria, and my daughters Jane Ann and Martha, and also, with the payment of the several pecuniary legacies by me herein given to my said wife and daughters, and to my said son John Van Dyke." Martha died without having been married again, and after her father's death she lived with and kept house for her bachelor brother Isaac, and the plaintiff testified that he contributed something to the support of Isaac's family. Martha was an active, industrious woman, and not only kept house for her brother, but worked for the neighbors and received pay therefor. There was no evidence on the trial of the amount or value of the contributions by the plaintiff toward the support of Martha.

On the trial the judge nonsuited the plaintiff and dismissed his complaint on the ground that the will of his father created no personal liability upon him, but that the charge in the will was wholly upon the estate devised, and upon the further ground, that the plaintiff had not, in fact, incurred any liability or expended anything in the support of Mrs. Van Cleef. That if any one had, it was Isaac and not plaintiff. The judgment having been affirmed at General Term, the plaintiff appeals to this court.

*Ph. S. Crooke*, for the appellant.

*N. B. Morse*, for the respondent.

PECKHAM, J. The counsel for the appellant insists that the charge for the payment of the legacy to Mrs. Van Cleef, for her comfortable support and maintenance, &c., and of the $125, in case she should get married, were sufficiently charged upon the plaintiff, with his brothers, to convey a fee to them by implication, and that, therefore, there was a personal liability on the plaintiff to pay the legacy and provide for the support; that defendant's testator, John, on the sale to him by the plaintiff of a part of the property devised to them in

common, covenanted to pay all that plaintiff was liable to pay under the will of their father, and, therefore, he was bound to pay.

The covenant of John recites the provisions of the will of their father as to these charges, and then releases and discharges the plaintiff therefrom, and promises to pay " all money, legacies and charges, and perform all such duties and discharge all such incumbrances as said Henry (the plaintiff)' would have been liable to have paid, done and performed, if the conveyance hereinbefore referred to had not been made." It is not important to determine, in this case, whether the plaintiff and his brothers would have taken a fee by implication under this will, so far as that question alone is concerned, as a fee was given to them, in express terms, charged with these payments.

Nor do I think the determination of that question would throw any particular light upon the point here involved. Suppose it to be taken for granted that the provision requiring the sons to pay a legacy of $125 to Mrs. Van Cleef in case she got married again would have conveyed a fee by implication in the lands devised to the sons, what follows? Was the plaintiff or his brothers liable to pay the $125, if she did not get married? Clearly not. She did not get married again; therefore, that legacy neither the plaintiff nor John was bound to pay. It is quite clear he could not recover for that. This necessarily disposes of that item of liability. Again, suppose the charge of that contingent payment of $125 would have conveyed a fee by implication to the sons, does that make the sons, or either of them, personally liable for the legacies exclusively charged upon the lands? the legacy for the comfortable support of Mrs. Van Cleef? Clearly not. That was not personally charged. The plaintiff was never liable personally to pay that; certainly not prior to his acceptance of the devise. There is no evidence that he accepted the devise prior to this conveyance to John. John's covenant to him is to pay only what he (plaintiff) was liable to pay prior to that conveyance. The will makes him liable to pay nothing personally for Mrs. Van Cleef's support;

but it is charged expressly upon the estate conveyed to him. By what reasoning or principle can the giving of a fee by implication, by the contingent personal liability to pay $125, when a fee was in the will expressly given, make the devisee personally liable to pay another legacy exclusively charged upon the land?

It is entirely settled in this State that such a will does not convey a fee by implication. (*Olmsted* v. *Olmsted*, 4 Comst., 56, and cases there cited.) Settled, at least so far as regards the charge for the legacies upon the lands devised.

Whether the personal charge of the contingent payment of the $125 would have that effect, we regard as wholly foreign to the question here involved, and wholly unprofitable to discuss.

The judgment is affirmed.