RICHARDSON *v.* VAN VOORHIS *et al.*

*(Supreme Court, Special Term, Monroe County.* November, 1888.)

**1. INFANCY—ACTIONS—GUARDIAN AD LITEM—COMPENSATION.**

Under rule of practice 50, providing that every attorney or officer of the court shall act as guardian of any infant defendant, in any proceeding against him, whenever appointed by the court, and shall receive such compensation as the court deems reasonable, a guardian for an infant defendant, in an action for assault and battery, is entitled to compensation, though there is no fund in court out of which compensation can be directed.

**2. SAME—PROCEEDINGS TO ENFORCE PAYMENT—CONTEMPT.**

Under Code Civil Proc. N. Y. § 15, providing that there shall be no imprisonment for the non-payment of costs, unless awarded by final judgment, special proceedings instituted by state writ, or an officer of the court for misconduct, the allowance to a guardian cannot be collected by contempt proceedings, but is collectible by execution against the personalty of the infant, as provided in section 779.

**3. SAME—WHO IS LIABLE—ADULT CO-DEFENDANT.**

An adult co-defendant is not liable for such guardian's compensation.

On motions to vacate order for guardian's allowance, and to attach for failure to pay the same.

Action by Harriet Richardson against Herman Van Voorhis and Herman H. Van Voorhis, for assault and battery. Thomas H. Bennett was appointed guardian *ad litem* for Herman H. Van Voorhis, an infant defendant, and was allowed $50 as compensation therefor. Defendants moved to vacate the order, and the guardian moved to commit the infant for contempt in failing to pay the amount. Code Civil Proc. N. Y. § 15, provides that no one shall be arrested or imprisoned for failure to pay any order for costs, except upon final judgment, special proceedings instituted by state writ, or costs awarded against an attorney or officer of court for misconduct. Section 779 provides that costs may be collected by execution against the personalty of the person liable therefor.

*Thomas H. Bennett,* guardian *ad litem, pro se. John H. Van Voorhis,* for defendants.

ADAMS, J. It was conceded upon the argument of these motions that each was subject to the application of the same legal principles, and they will therefore be considered as one. It appears quite satisfactorily from the motion papers that Thomas H. Bennett, Esq., who is an attorney and officer of this court, was duly appointed guardian *ad litem* for the defendant Herman H. Van Voorhis, who, at the time of such appointment, was an infant, and that such appointment was regularly made upon the application of the plaintiff in the action after the infant had been afforded an opportunity to select his own guardian. It further appears that after the appointment of Mr. Bennett had been thus made he applied himself diligently and faithfully to the preparation of the case for trial, acting in conjunction with the attorney of record for the defendant Herman Van Voorhis, the father of Herman H. Van Voorhis. He was associated upon the trial with such attorney, and rendered valuable service in behalf of his ward. The action was brought against the defendants to recover damages for an assault and battery committed by them upon the person of the plaintiff, and was tried at the Ontario circuit in May last. At the close of the trial, and while both defendants, as well as the attorney for Herman Van Voorhis, were in court, the guardian applied to the court for an order fixing his compensation for the services he had rendered the defendant Herman H. Van Voorhis. The court thereupon notified such guardian, as well as the attorney for Herman Van Voorhis, that he would hear the application at a subsequent time and place, which were then named. At the time and place thus fixed upon, the guardian furnished the court with the affidavit specified in rule 50, and an order was thereupon made, granting him an allowance of $50 as compensation for the services

which he had rendered in the action. No objection was made, either then or at the close of the trial, by the infant or his co-defendant, to the granting of an allowance to the guardian, nor was any intimation made to the court that the guardian was not justly entitled to a reasonable compensation for the services which he had rendered. The order, as entered, directs that such sum of $50 shall be paid by both of the defendants, and, subsequent to its entry, a demand was made upon them for the payment of the sum therein specified, which was refused; hence this application to punish them for a disobedience of the provisions of the order. It is now contended by the counsel for the defendants, who has been retained by them since the trial of the action, that the order should be vacated, for the reason that it is not within the contemplation of rule 50 that compensation for a guardian *ad litem* should be fixed by the court, save in cases where there is a fund in court from which payment can be directed. It is further contended that in no event is the defendant Herman Van Voorhis to be charged with the payment of whatever compensation may be awarded to the guardian for the services rendered his infant co-defendant, and that, so far as the payment of such compensation is concerned, it must be collected in the usual manner, and that the refusal of the defendants to pay does not furnish the basis for a proceeding as for a contempt of court.

While the question as to the right of the court to fix the compensation of a guardian *ad litem* in an action of this character, where there is no fund in court, is one which does not appear to have been expressly adjudicated, yet a careful reading of the rule in question would seem to indicate that it was designed to embrace all actions and proceedings in which it became necessary for the court to call upon one of its officers to act as a guardian or next friend of an infant defendant. Indeed, the language of the rule is so clear and explicit that no other construction can be given to it, for it reads: "It shall be the duty of every attorney or officer of the court to act as the guardian of any infant defendant, in any suit or proceeding against him, whenever appointed for that purpose by an order of this court; and it shall be the duty of such guardian to examine into the circumstances of the case, so far as to enable him to make the proper defense, when necessary for the protection of the rights of the infant; and he shall be entitled to such compensation for his services as the court may deem reasonable." And this language is substantially the same as that employed by the old court of chancery in its rule No. 143. Now, while it is true that the court has no fund within its jurisdiction out of which it can direct compensation to be paid, it is equally true that the infant is its ward, whose interests it is bound to protect, and to that end it will see that all proper steps and precautions are taken. Therefore it follows that the court may direct one of its officers to act on behalf of the infant, "to examine into the circumstances of the case, so far as to enable him to make the proper defense, when necessary for the protection of the rights of the infant." As has been well said by a recognized authority upon the subject, the court is extremely anxious to encourage to every possible extent whoever will stand forward in the character of next friend on behalf of infants; and will therefore, whenever it can be done, allow the next friend the costs of any proceeding instituted by him for the infant's benefit out of the infant's estate, provided he appears to have acted in good faith for the benefit of the infant. 2 Barb. Ch. Pr. 207. If, therefore, the infant is a ward of the court, and as such is entitled to its protection, even to the extent of the appointment of one of its officers as his next friend or guardian, there is no good reason why the court should not require the infant, out of his estate, where he has any, to make proper compensation to the officer who has thus befriended him and protected his interest. The attorney, when he accepts the trust which is thus imposed upon him by the order of the court, undertakes to manage the case on behalf of his infant ward with care and fidelity, and if, in any case, the

interests of the infant should suffer by the neglect or mismanagement of his guardian, the latter would undoubtedly be liable for any damage sustained by reason thereof. In this case, as has already been said, it appears to the satisfaction of the court that the guardian has employed more than ordinary care and diligence in the protection of the interests of his ward, and he is cer- tainly entitled to receive suitable compensation therefor. The amount named in the order appeared to the court, at the time the same was granted, to be just and fair, and no good reason is now presented for changing that amount.

The order in question was an adjudication by the court between the guard- ian and his ward, so far as the question of compensation is concerned, and the amount thus fixed is a claim against the estate of the infant, for the collec- tion of which the Code provides a suitable remedy. Code Civil Proc. §§ 15, 779. Such being the case, the guardian must avail himself of that remedy, and, in the opinion of the court, cannot proceed against the defendants for a contempt in case of their refusal to pay upon his demand. It was not the de- sign of the court at the time the order in question was granted to charge the defendant Herman Van Voorhis with the payment of the guardian's compen- sation, nor does the argument of the learned counsel upon this application impress the court with the idea that he can be thus charged.

For the reasons thus stated I am forced to the conclusion that the motion to vacate the order should be granted, so far as the defendant Herman Van Voorhis is concerned, and denied so far as it affects the defendant Herman H. Van Voorhis, and that the motion to punish for contempt should also be denied; but, inasmuch as these motions present somewhat novel questions for the consideration of the court, concerning which, as has already been sug- gested, there appears to have been no adjudication, no costs are allowed to either party.