### In re MARSHALL'S ESTATE.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

EXECUTORS AND ADMINISTRATORS—OPENING ACCOUNTS—REDUCTION OF ALLOWANCE.
An application by executors to open their final account, and reduce the compensation allowed a special guardian for his services in the settlement, is properly refused where they did not bring the matter to the attention of the surrogate at the time the accounts were settled.

Appeal from surrogate's court, New York county; RASTUS S. RANSOM, Surrogate.

Application by Henry R. Marshall and Clarence R. Conger, executors of Frederic P. Marshall, deceased, to reduce the compensation of a special guardian appointed to attend the settlement of their accounts. The application was denied, and the executors appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Clarence R. Conger*, for appellants. *John H. Halliday, pro se.*

DANIELS, J. The application was made to the surrogate to open the final decree on the settlement of the executors' accounts, and to reconsider the allowance of the sum of $75 made to the guardian to compensate him for his services in the proceedings. This allowance was made upon an affidavit of the guardian stating the services rendered by him, and the time devoted to the settlement of the executors' accounts. If it had been intended to contest his right to an allowance, or to the amount which the surrogate should deem to be adequate for the services, that should have been done when the case was being heard by the surrogate. It is the practice in these proceedings always

·to make an allowance to the guardian when his services have been faithfully
.and attentively performed; and, if any disposition on the part of the execu-
tors existed to confine the allowance to a smaller amount, it was their duty to
meet this subject, and to bring it to the attention of the surrogate before the
final decree was entered in the proceeding.   This they failed to do, and al-
lowed the final decree to be entered, settling the executors' accounts, and in-
·cluding this payment, and after that, without any substantial excuse for the
omission to devote previous attention to this subject, the application was
.made to the surrogate to readjust the allowance at a smaller amount, and that
he declined to do.   In that decision it cannot be held that he was in error,
although a smaller sum would probably have compensated the guardian for
all the services and attention bestowed by him in the course of the proceed-
ing.   It was for him to fix and adjust the allowance upon the affidavits and
·papers before him; and, as no excuse was offered for the omission of the ex-
·ecutors to present proof by way of affidavit or otherwise upon this subject to
:the surrogate, a case was not made out which, under the common principles
.applicable to defaults, entitled the executors to a further hearing concerning
the guardian's compensation.   The allotted time for that object had been al-
lowed to pass without giving the subject attention; and, as no substantial
·excuse was presented for the omission, the surrogate was justified in denying
.the application which was made.   The order consequently should be affirmed,
·but, as the guardian has evidently been subjected to no further expense, it
:should be without costs to either party.

VAN BRUNT, P. J., and BARTLETT, J., concur.