D. M. Porter, for appellants.

Parsons, Shepard & Ogden (David B. Ogden, of counsel), for respondent.

DUGRO, J. The respondent was not entitled to be made a defendant by virtue of section 452, Code Civ. Proc. The subject of the action is the real property, and in this the respondent has no interest. Its interest is only in the question involved in the action, and this is not the interest to which section 452 refers. A consequential interest will not suffice. Barb. Parties, 488. The special term had power to direct the respondent to be made a defendant, though not required to do so by the Code provision (Bank v. Farthing, 101 N. Y. 344, 4 N. E. 734), but naturally this power ought not to have been exercised, except for sufficient reason. The papers disclose none. There is no charge of misconduct against the insured, nor does there appear to be any reason to doubt that the respondent will have a fair opportunity to protect its interest without being a defendant. Under the circumstances, the motion should not have been granted. Davies v. Fish, 47 Hun, 314. Order reversed, with $10 costs and disbursements.

---

(7 Misc. Rep. 502.)

## In re WARING et al.

(Surrogate's Court, Westchester County. March, 1894.)

EXECUTORS AND ADMINISTRATORS—EXECUTIONS.

    Where a decree for the payment of money is rendered against executors on an accounting, execution cannot issue against the property of testator, but must run against the property of the executors.

Proceeding by Ann M. Paddock and Phebe B. Rockwell to compel an accounting by Oscar Waring and Wilbur F. Washburn, as executors of Jarvis A. Waring, deceased. A decree was made, directing payment of $6,802.55 to each petitioner, and executions were issued thereon against the property of Jarvis A. Waring, deceased.

F. X. Donoghue, for the motion.

James M. Hunt, opposed.

COFFIN, S. The executions are clearly void, and should be set aside. They should have run against the property of Oscar Waring and Wilbur F. Washburn, and not against the property of the estate. Section 2554 of the Code permits execution to be issued against the property of the party directed to make the payment. The next section authorizes, in a proper case, the surrogate to punish the party for contempt, for not making the payment as decreed. That, of course, would be a proceeding against his own person. In Peyser v. Wendt, 2 Dem. Sur. 221, the surrogate of New York took the view that the execution was properly issued against the property of the executor, and cited authorities on the subject. The court of appeals has held the same in Power v. Speckman, 126 N. Y. 354–359, 27 N. E. 474. See form of execution

in Redf. Pr. (5th Ed.) 1009, substituting, however, the letters "Y. Z." for "A. B.," in last clause. The executions must therefore be set aside, and all proceedings under them, consequently, fall. Motion granted.

---

(7 Misc. Rep. 383.)

### In re STORM'S ESTATE.

#### In re MANSFIELD et al.

(Surrogate's Court, Westchester County. February, 1894.)

WILLS—COMPELLING PAYMENT OF LEGACIES.

A petition to compel an executor to pay legacies will be denied without prejudice to an action for an accounting, where it appears that there is not sufficient money to pay the legacies without resorting to proceeds of realty which testator directed to be sold for certain purposes.

Petition by John J. S. Mansfield and Elizabeth F. Rissell to compel John I. Storm, as executor of the will of Elizabeth F. Storm, deceased, to pay legacies. The will provided that, after payment of certain expenses and legacies, the residue of the personal estate should go to petitioners. By another clause, testatrix directed the executors to sell the real estate, and distribute the proceeds among certain persons other than petitioners. Petition dismissed.

The petition is as follows:

The petition of Elizabeth F. Rissell and John J. S. Mansfield respectfully shows: First. That your petitioners reside in the city of Newark, and state of New Jersey, and are legatees named in the will of Elizabeth F. Storm, late of the county of Westchester, and by said will a legacy of all the residuary personal estate of the said Elizabeth F. Storm was bequeathed to your petitioners. Second. That the said will was duly admitted to probate by the surrogate's court of the county of Westchester by a decree duly made by said court on the 4th day of May, 1892; and letters testamentary were thereupon issued to John I. Storm, and thereafter, on May 20th, to John J. S. Mansfield, and more than one year has elapsed since said letters were granted. Third. That the personal estate of the said deceased, as appears by the inventory filed in this court, amounted to twenty-seven thousand nine hundred and six and 43-100 dollars. Fourth. That your petitioners are informed and believe the real estate of which the testatrix died seised was, by the terms of her will, converted into personal estate, and subjected, equally with other personal property, to the payment of decedent's debts and administration expenses. Fifth. That the said real estate has not yet been sold, but is valued at more than $18,000, at which sum it was assessed in proceedings had in this court to determine the amount of the inheritance tax. Sixth. That the executors herein have advertised for claims against the said estate, as required by law, and that the amount of claims which have been presented, together with the claims and expenses of administration, amount to less than $7,500. Seventh. That heretofore, under an order of this court, the petitioners each received $2,500 as advance payment on account of their legacy. Eighth. That of the debts and administration expenses there has already been paid out of the original personal estate bequeathed to your petitioners more than $1,900. Ninth. On information and belief, that the holders of unpaid and disputed claims to the amount of $4,448 are willing to postpone the payment of their claims until the real estate aforesaid shall be sold, thus leaving only a disputed claim of $600 which might have to be paid before such sale. Tenth. That the proportion of said expenses, indebtedness, and claims which might be chargeable against the legacies of your petitioners does not exceed $4,500, of which they have already paid more than $1,900, leaving a balance