---

(28 Misc. Rep. 308.)

### In re MONELL.

(Surrogate's Court, New York County. July, 1899.)

1. DISTRIBUTION—DIRECTION TO ADMINISTRATOR.

   A decree upon the accounting of an administrator which distributes the estate of decedent should direct payment by him individually, and not as administrator.

2. SAME—DECREE AS EVIDENCE OF POSSESSION OF ASSETS.

   Code Civ. Proc. § 2552, providing that a decree directing payment by an administrator shall be conclusive evidence of the possession by the administrator of assets sufficient for such payment, does not apply where the decree shows on its face that there were no assets remaining in the hands of the administrator.

3. SAME—AWARD TO SPECIAL GUARDIAN—CONTEMPT PROCEEDINGS.

   Where a decree directs an administrator to pay an allowance to a special guardian, and the decree shows on its face that there are no assets in the hands of the administrator, this award will be treated as if expressly granted as costs, and disbursements incident thereto, and the decree will not be enforced by punishment for contempt under Code Civ. Proc. § 2555, providing for the enforcement of surrogates' decrees by contempt proceedings.

Application to punish Mary Monell, as administratrix of Joseph Monell, deceased, for contempt in not paying special guardian fees. Denied.

Kenneson, Crain & Alling, for administratrix.

Roger Foster, for special guardian.

FITZGERALD, S.   The decree upon an accounting of an executor or administrator, which distributes the estate of a decedent, should adjudge that the payment of the amounts to be distributed be made by the individual, and not by him as executor or administrator. Power v. Speckman, 126 N. Y. 359, 360, 27 N. E. 474. In the present case the payments required by the decree are directed to be made by the accountant as administratrix. The infant, the allowance to whose special guardian is sought to be collected by this proceeding, was adjudged to be paid the balance found in the hands of the administratrix, which was declared to belong to her; and, although the allowance to the special guardian was directed to be paid by the accountant as administratrix, the decree does not show, nor does it otherwise appear, that there were any funds of the estate in the possession of the administratrix, or for which she was liable or accountable, out of which the payment could be made, except the balance mentioned, and that was expressly appropriated by the decree for another purpose. I have no doubt that if the provision in

the decree for the benefit of the special guardian is to be taken as conclusive evidence, under section 2552 of the Code of Civil Procedure, of the possession by the administratrix of assets sufficient to pay his allowance, the mention of the official position of the accountant in the manner in which it was used, in connection with the direction to her to pay, could be ignored, and the payments required to be made enforced as if no such mention had been made. Peyser v. Wendt, 2 Dem. Sur. 221; In re Waring, 7 Misc. Rep. 502, 28 N. Y. Supp. 393. The section referred to, however, does not apply, I think, to a case like this, where, on the face of the decree itself, as well as from examination of the proceedings on which it is based, it appears that there were not in the hands of the administratrix any moneys or assets with which to make the payment. As the account of the administratrix was surcharged in favor of the infant, the case might have been one where she could have been charged personally with the amount ordered to be paid to the special guardian, or with the cost of the proceeding. This, however, does not seem to have been done,—certainly not expressly. It might be claimed, however, that the absence of funds of the estate out of which to pay the judgment, and the fact that the account of the administratrix was surcharged, would warrant the assumption that it was the intention to charge the administratrix personally with the guardian's allowance, and that the decree could be treated as if it did so. So regarding it, the award, not having been made as costs, and being, as the proofs upon which it was made show, in excess of the statutory costs, and not being made payable out of the infant's interest in the estate. was one which, in view of a recent decision of the appellate division. of the Second department, the surrogate had no authority to make. In re Robinson's Will, 40 App. Div. 30, 57 N. Y. Supp. 523. In Seaman v. Whitehead, 78 N. Y. 306, it was held that an allowance by the surrogate to an attorney, which the court had no power to grant, was void. This was a case in which the allowance was made in favor of the attorney against his client. As neither costs nor an allowance could be granted in the proceedings against the client in favor of his attorney, the case might be differentiated from the present one, wherein, as it was competent for the court to make some allowance to the special guardian as compensation for his services, the action of the surrogate in granting such compensation, not by awarding costs, but by awarding an amount in excess thereof, might not have been void, but only an error reviewable on appeal, and not otherwise assailable. The decision in Re Marshall's Estate (Sup.) 2 N. Y. Supp. 868, seems to support this view. As the award to the guardian was not made payable out of the share of the infant in the estate of the decedent, it is, it seems to me, to be treated, for the purpose of enforcing its collection, as if it was expressly granted as and for costs and the disbursements legally incident thereto. Richardson v. Van Voorhis (Sup.) 3 N. Y. Supp. 396; Code Civ. Proc. § 474; In re Dodge's Estate, 40 Hun, 445. This being so, this application must be denied, as the provisions of section 2555 of the Code of Civil Procedure, of which the applicant has attempted to

avail himself, are, in my judgment, inapplicable to the present case. In re Humfreville, 154 N. Y. 115, 47 N. E. 1086.   See Richardson v. Van Voorhis, supra.

Application denied.