EXECUTION—JUDGMENT AGAINST EXECUTOR.
    Where a surrogate's decree directs the payment of money by an executor as such, the execution must run against his property as provided by Code Civ. Proc. § 2554, as he is the party "directed to make the payment."

In the matter of the judicial settlement of the account of John D. Quackenbos as executor. Application to vacate a decree, and an execution thereon has issued against the party as executor.

John H. Thompson, Jr., for executor.
Theodore R. Shear, for judgment creditors.

THOMAS, S. The transcript of the decree furnished by the clerk of this court stated "all the particulars with respect to the decree which are required by law to be entered in the clerk's docket book when a judgment for a sum of money is rendered in the supreme court, so far as the provisions of law directing such entries are applicable to such decrees," and, therefore, complied with section 2553 of the Code of Civil Procedure. The docketing of the decree by the clerk of the supreme court was without error, and the entry that the decree was against the executor of the decedent as such was ac-

cording to the fact. The execution to be issued on a decree of this court is governed by section 2554 of the Code of Civil Procedure, and must be "against the property of the party directed to make the payment," even though, by the terms of the decree, such party is required to pay out of the assets of an estate in his hands for administration. In re Waring, 7 Misc. Rep. 502, 28 N. Y. Supp. 393; Bennett v. Crain, 41 Hun, 183, 186. The execution issued to the sheriff recited a decree in which the executor, as such, was required to make a payment, the filing of a transcript of that decree, and the docketing thereof, and then required the sheriff to satisfy the same out of the personal property of "the said judgment debtor." This was an execution against the property of the executor individually, since the requirements of an execution against property in the hands of an executor or administrator, as prescribed by section 1371 of the Code of Civil Procedure, were entirely ignored. Felt v. Dorr, 29 Hun, 14; Olmsted v. Vredenburgh, 10 How. Prac. 215. An execution to be satisfied out of the property of the estate could only be issued by express order and after notice under sections 1825 and 1826 of the Code of Civil Procedure, and such execution would have to be in the form prescribed by section 1371. The execution was, therefore, proper. The application to set aside the docket and execution must be denied.

Application denied.