In the Matter of the Judicial Settlement of the Accounts of WILLIAM H. TABER, as Executor, etc., of ASA TABER, Deceased, Appellant; ELLEN L. BURNHAM and GEORGE S. TABER, Respondents.

Fourth Department, May 5, 1909.

Will — personal assets insufficient to pay legacy — when executor taking lands as devisee not personally liable for legacy — court — jurisdiction of surrogate.

Although a testator's personal estate is insufficient to pay a legacy in full, lands passing to the executor as one of the residuary legatees are not subject to a lien for the payment of the legacy, and he cannot be directed to pay the same in full if the payment of legacies was not charged upon the real estate.

Moreover, on an accounting by an executor, the surrogate has no jurisdiction to determine whether legacies are chargeable upon lands passing under a residuary clause.

APPEAL by William H. Taber, as executor, etc., from a decree of the Surrogate's Court of the county of Erie, entered in said Surrogate's Court on the 1st day of June, 1908, judicially settling the accounts of said executor.

*Ottamar Hamele,* for the appellant.

*Leroy Andrus* and *Perry M. Thorn,* for the respondents.

ROBSON, J.:

The initial proceedings which have resulted in the decree from which this appeal is taken were begun by the presentation to the Surrogate's Court of the separate petitions of George S. Taber and Ellen L. Burnham, legatees under the will of said deceased, praying for a decree directing the appellant to settle his accounts as executor of said will and pay them the amount of their several legacies. After the service on the executor of the citation to show cause, issued on said petitions, he filed an account as executor with a petition praying for a judicial settlement of his accounts. Citation in due form was issued thereon, and all parties interested in the estate were duly brought before the court. Thereupon the several proceedings were duly consolidated. Objections to the supplemental and amended account of the executor, thereafter filed, were interposed on behalf of the legatees Taber and Burnham, and they also applied to the court for construction of the will of deceased and a decree adjudging the real property of testator to be charged with the payment of the legacies given to them by said will. The executor's amended account was in the subsequent proceedings stipulated to be correct, except as to any change that might be made by making the legacies under the will a charge upon the residuary real estate.

The proceedings had in Surrogate's Court developed the fact that the testator's personal estate was insufficient to pay in full the general legacies to respondents and other legatees. It appeared also that he owned at the time of his death two parcels of real estate. One of these was specifically devised to the executor; and it is not claimed that payment of the legacies is chargeable thereon. The other parcel passed under the general residuary clause of the will to the two sons of deceased, one of whom is the appellant executor. The surrogate has determined and the decree provides that the

legacies to respondents are a valid and subsisting lien upon this parcel; and the executor is further directed by the decree to pay these legacies in full.

· The will does not direct either of the devisees to pay these legacies; nor is their title under the devise conditioned upon such payment. Indeed, the will is barren of any provision by which the legacies are even expressly charged upon the real estate. Therefore no personal liability on the part of the executor to pay these legacies has arisen by reason of his acceptance of the devise. ( *Van Dyke* v. *Emmons*, 34 N. Y. 186.) The effect of the provisions of the decree directing the payment by the executor of these legacies is that the executor is personally liable to the several legatees for the full amount which the decree directs him to pay to each, which may be collected by execution in proper proceedings. (Code Civ. Proc. § 2554.) The decree is, therefore, erroneous in so far as it directs payment by the executor of any amount beyond the sum with which he is chargeable as proceeds of personal property of the testator on due distribution and application thereof.

We are further of the opinion that the Surrogate's Court in these proceedings had no jurisdiction to determine as to whether these legacies are in fact chargeable upon the residuary real estate; and that the decree, so far as it is therein assumed to determine that question, and declare such charge on the real estate, is erroneous. (*Bevan* v. *Cooper*, 72 N. Y. 317, 327.)

All concurred; SPRING and WILLIAMS, JJ., in result only.

Decree of Surrogate's Court reversed and matter remitted to that court for further proceedings, with costs and disbursements to the appellant payable out of the estate.