### In re TABER.

### TABER et al. v. TABER.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

1. WILLS (§ 823*)—LEGACIES—PERSONAL LIABILITY OF DEVISEE.

Where a will does not direct a devisee, also executor, to pay a legacy, and his title is not conditioned on payment, and there is no provision by which the legacy is expressly charged on the real estate, no personal liability rests on the devisee by his acceptance of the devise to pay the legacy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2116; Dec. Dig. § 823.*]

2. WILLS (§ 826*)—CHARGING LEGACY ON REAL PROPERTY—LIABILITY OF EXECUTOR—DECREE.

In such case a decree of the Surrogate Court that the legacy is a lien on the devised real property, and directing the executor to pay the legacy in full, is erroneous in so far as it directs payment of any amount beyond the sum which he is chargeable as proceeds of personal property of the testator on due distribution and application thereof, since under Code Civ. Proc. § 2554, providing that a decree for the payment of a sum of money into court may be enforced by an execution against the property of the party directed to make the payment, the effect of the decision was to create a personal liability on the executor.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2136; Dec. Dig. § 826.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. EXECUTORS AND ADMINISTRATORS (§ 507\*)—SETTLEMENT OF ACCOUNT—SCOPE OF RELIEF.**

On the settlement of an executor's account in the Surrogate Court, that court has no jurisdiction to determine whether legacies are chargeable on the residuary real estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2180; Dec. Dig. § 507.\*]

Appeal from Surrogate's Court, Erie County.

Proceeding by George S. Taber and others against William H. Taber, executor, etc., for settlement of his accounts. From a decree settling his accounts, defendant appeals. Reversed and remitted for further proceedings.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ottamar Hamele, for appellant.
Leroy Andrus and Perry M. Thorn, for respondents.

ROBSON, J. The initial proceedings which have resulted in the decree from which this appeal is taken were begun by the presentation to the Surrogate's Court of the separate petitions of George S. Taber and Ellen L. Burnham, legatees under the will of said deceased, praying for a decree directing the appellant to settle his accounts as executor of said will, and pay them the amount of their several legacies. After the service on the executor of the citation to show cause, issued on said petitions, he filed an account as executor with a petition praying for a judicial settlement of his accounts. Citation in due form was issued thereon, and all parties interested in the estate were duly brought before the court. Thereupon the several proceedings were duly consolidated. Objections to the supplemental and amended account of the executor, thereafter filed, were interposed on behalf of the legatees, Taber and Burnham; and they also applied to the court for construction of the will of deceased and a decree adjudging the real property of testator to be charged with the payment of the legacies given to them by said will. The executor's amended account was in the subsequent proceedings stipulated to be correct, except as to any change that might be made by making the legacies under the will a charge upon the residuary real estate.

The proceedings had in Surrogate's Court developed the fact that the testator's personal estate was insufficient to pay in full the general legacies to respondents and other legatees. It appeared also that he owned at the time of his death two parcels of real estate. One of these was specifically devised to the executor, and it is not claimed that payment of the legacies is chargeable thereon. The other parcel passed under the general residuary clause of the will to the two sons of deceased, one of whom is the appellant, executor. The surrogate has determined, and the decree provides, that the legacies to respondents are a valid and subsisting lien upon this parcel, and the executor is further directed by the decree to pay these legacies in full.

The will does not direct either of the devisees to pay these legacies,

nor is their title under the devise conditioned upon such payment. Indeed, the will is barren of any provision by which the legacies are even expressly charged upon the real estate. Therefore no personal liability on the part of the executor to pay these legacies has arisen by reason of his acceptance of the devise. Van Dyke v. Emmons, 34 N. Y. 186. The effect of the provisions of the decree directing the payment by the executor of these legacies is that the executor is personally liable to the several legatees for the full amount which the decree directs him to pay to each, which may be collected by execution in proper proceedings. Code Civ. Proc. § 2554. The decree is therefore erroneous in so far as it directs payment by the executor of any amount beyond the sum with which he is chargeable as proceeds of personal property of the testator on due distribution and application thereof.

We are further of the opinion that the Surrogate's Court in these proceedings had no jurisdiction to determine as to whether these legacies are in fact chargeable upon the residuary real estate, and that the decree, so far as it is therein assumed to determine that question and declare such charge on the real estate, is erroneous. Bevan et al. v. Cooper et al., 72 N. Y. 317, 327.

Decree reversed, and matter remitted to the Surrogate's Court for further proceedings therein, with costs of this appeal to appellant payable out of the estate. All concur; SPRING and WILLIAMS, JJ., in result only.