JOSEPH H. CLARK, Respondent, v. JOHN J. HALLIGAN, Indi-
vidually and as Executor of and Trustee under the Last Will
and Testament of CATHERINE CLARK, Deceased, and Others,
Appellants.

(Supreme Court, Third Department, July 8, 1913.)

WILL—CHARGE OF LEGACIES UPON. REAL ESTATE WHEN PERSONAL PROPERTY
INSUFFICIENT—JURISDICTION OF SURROGATE.

A testatrix by will left a certain amount in trust to be used for the
purpose of having masses celebrated and for the purchase and erection
of monuments. She left two other legacies for specific amounts. At the
time of the execution of the will the testatrix apparently had little or
no personal property, and the attorney who drew the same inserted a
provision authorizing the executor to mortgage and sell the real estate
in order to pay legacies, which provision was stricken out at the
direction of the testatrix.

Evidence examined, and *held*, that the testatrix intended that the
legacies should be paid from the real property, and that a decree that
said legacies constitute a lien upon the real estate and directing their
payment should be affirmed.

But the surrogate- upon an accounting by the executor had no
authority to charge such legacies upon the real property.

APPEAL by the defendants, John J. Halligan, individually
and as executor and trustee, etc., and others, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of Rensselaer on the 16th day
of December, 1912, upon the decision of the court, certain
questions having been submitted to the jury upon a trial before
the court and jury at the Rensselaer Trial Term. The judg-
ment decrees that certain legacies in the will of Catherine Clark,
deceased, constitute a lien upon the real estate of which she
died seized and directed their payment.

John J. Halligan [William H. Murray of counsel], for the
appellants.

Andrew E. Delaney [John B. Holmes of counsel], for the
respondent.

SMITH, P. J.—Catherine Clark died in March, 1905. In December, 1904, she made a will by which she named the defendant John J. Halligan as executor, and gave to him $2,300 in trust for the following purposes:

" The purchase and erection of a monument in the family burial plot in St. Peter's Roman Catholic Cemetery in the City of Troy, N. Y., the sum of not to exceed one thousand dollars ($1,000).

" *Second.* For the purchase and erection of a monument in the burial plot in which my brother, Matthew Clark, is interred in St. Mary's Roman Catholic Cemetery in the City of Troy, N. Y., the sum of not to exceed five hundred dollars ($500).

" *Third.* For the purchase and erection of a monument in the burial plot in which my sister, Margaret Smith, is interred * * * the sum of not to exceed three hundred dollars ($300).

" *Fourth.* The sum of not to exceed five hundred dollars ($500) to be expended as soon as possible after my death for the purpose of having masses celebrated for the repose of my soul and the souls of my immediate deceased relatives, at St. Peter's Catholic Church, Troy, N. Y."

Therafter two legacies were provided, one of $200 to Margarent Nolan, and one of $1,000 to this plaintiff, who was the nephew of the deceased and a son of Matthew Clark. It was thereafter provided that all the rest, residue and remainder of the decedent's property, *both real and personal*, were given to the nephew, the executor, for himself and another nephew jointly. There appears in the will a 7th paragraph, which has been stricken out. That paragraph reads as follows: " I hereby authorize and empower my said executor, John J. Halligan, to mortgage and sell the said real estate, or any part thereof that he may deem necessary, and for the best interest of said estate in order to pay said legacies." That was first inserted in the will by the attorney who drew it, and when it was read over to

the parties this plaintiff, who was living with the decedent, said to his aunt, "Do you want Johnnie Halligan to sell the property?" There was some further talk at the time, and the lawyer suggested that it might be impossible to pay the plaintiff's legacies unless that provision were in, and thereafter the clause was stricken from the will at the direction of the testatrix.

It is the contention of the appellant that the striking of this provision from the will indicates uncontrovertibly the intention of the testatrix that the legacies should not be a charge upon the real estate, and such would be the *prima facie* inference. But at the time of the making of the will the testatrix apparently had little or no personal property. True, she was receiving rents to the amount of about $2,150. From this she was required to pay interest on a $6,000 mortgage, taxes, insurance and repairs, amounting to about $1,100, so that about $1,050 only was left to pay all her expenses, and from that it would seem impossible for the testatrix to expect to accumulate enough to pay these legacies. At the time of the execution of the will she was indebted to the amount of $800. She was then seventy years of age, sick and infirm; and it is found that since 1893 she had laid aside nothing from the rents of these properties, so that there was no reasonable expectation that she would lay aside moneys from her income to meet these legacies. Considering the nature of the legacies, especially that legacy for masses and the legacies for the monuments, as well as the money legacies to the plaintiff and another, it seems impossible that she never intended that they should be paid, and a reasonable interpretation to be given to her act striking out this provision from the will which authorized the executor to mortgage and sell property does not necessarily signify that she did not intend the payment of the legacies from the real property. This question was submitted to the jury, and the jury found that she intended that these legacies were to be paid from her

real property. The court has adopted this finding, and in my judgment upon sufficient evidence.

Plaintiff made application to the surrogate for the payment of the legacies. The accounting of the executor showed that he had only about sixty odd dollars with which to pay the same. It is here claimed that the surrogate had jurisdiction and could have directed the executor to sell the real estate for the payment thereof, and that his decree accepting the account of the executor is a conclusive bar to this action. Under the authorities, however, the surrogate did not have authority to charge this legacy upon the real estate. (Bevan v. Cooper, 72 N. Y. 327; Matter of Taber, 132 App. Div. 495.) I recommend, therefore, that the judgment be modified to provide for the payment of the transfer tax and as modified affirmed, with costs.

All concurred, except HOWARD, J., not voting.

Judgment modified so as to provide for the payment of the transfer tax, and as so modified affirmed, with costs.