**402** Matter of Haaren.

Surrogate's Court, New York County, November, 1919. [Vol. 109.

## Matter of the Estate of Claus Haaren, Deceased.

(Surrogate's Court, New York County, November, 1919.)

**Surrogate's Court** — when final decree is against an executor personally it is unnecessary upon issuing a transcript to state that it was rendered against him in his representative capacity.

A final decree against an executor which adjudges that money in his hands is due and payable to legatees is against him personally and *de bonis propriis,* and it is unnecessary for the clerk of the Surrogate's Court, upon issuing a transcript of said decree, to state that it was rendered against the executor in his representative capacity.

Application to vacate and set aside the transcript of a decree issued by the clerk of this court, and to vacate and set aside the docket of the judgment docketed thereon in the Supreme Court.

Thompson, Freedman & Cook (Henry Thompson, of counsel), for John W. Haaren, as executor and trustee.

John G. Snyder, for beneficiary.

Fowler, S. This is an application to vacate and set aside the transcript of a decree of this court which was issued by the clerk of the court, and to vacate and set aside the docket of the judgment docketed thereon in the Supreme Court in favor of Clarence S. Haaren and against John W. Haaren for the sum of $51,815.01, upon the ground that the transcript was filed and the judgment docketed against John W. Haaren, individually, and not against him as executor and trustee under the will of Claus Haaren, deceased. In the proceeding brought in this court to judicially settle the

account of John W. Haaren, as executor and trustee under the will of Claus Haaren, deceased, a decree was entered adjudging that there was due from the executor, John W. Haaren, to Clarence S. Haaren, a legatee under the will of the deceased, the sum of $50,901.21, and directing the said John W. Haaren to pay this amount to the legatee. A transcript of the decree was obtained from the clerk of this court by the legatee in accordance with the provisions of section 2551 of the Code of Civil Procedure. The form of the transcript was as follows: "Against John W. Haaren in favor of Clarence S. Haaren, amount decreed to be paid $51,815.01; time of filing, October 15, 1919." This form was in substantial compliance with the requirements of sections 1246 and 2551 of the Code of Civil Procedure. The transcript was duly docketed in the office of the clerk of the Supreme Court of New York county. The executor upon this application contends that both the transcript issued by the clerk of this court and the judgment entered in the docket book of the clerk of the Supreme Court of New York county should recite the fact that the decree or judgment was against John W. Haaren, as executor and trustee. It is difficult to understand what benefit could accrue to the applicant from a recital of the fact that the decree was rendered against him in his capacity of executor of the estate of Claus Haaren, deceased, as the " decree * * * may be enforced by an execution against the property of the party directed to make the payment." Code Civ. Pro. § 2553. Even if the transcript did contain such a recital, the execution would necessarily issue against the property of the executor individually. *Matter of Quackenbos,* 38 Misc. Rep. 66. The executor is personally liable to the legatee for the amount which the decree of this court directed him to pay, and this

amount may be collected by execution against the individual property of the executor. *Matter of Taber,* 132 App. Div. 495. Besides, a final decree against an executor which adjudges that money in his hands is due and payable to legatees is against him personally and *de bonis propriis. Power* v. *Speckman,* 126 N. Y. 354. Therefore, it is unnecessary for the clerk of this court in issuing a transcript upon a decree to state that the decree was rendered against the executor as such.

Application denied.